KENNETH H. BROWN (CA Bar No. 100396)
GAIL S. GREENWOOD (CA Bar No. 169939)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
E-mail: kbrown@pszjlaw.com
ggreenwood@pszjlaw.com

Attorneys for Petitioner
Securities Investor Protection Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION,<br><br>Petitioner,<br><br>and<br><br>JOAN A. PERRY and TAKE CHARGE FINANCIAL, INC.,<br><br>Respondents. | Case No.: 15-5308<br><br>**PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF JUDGMENT (9 U.S.C. § 9)** |

The Securities Investor Protection Corporation ("SIPC") hereby petitions for confirmation of its arbitration award and entry of a judgment in the amount of $100,000, plus interest and costs, against Joan A. Perry and Take Charge Financial, Inc. (collectively, the "Respondents").

**The Parties**

1. SIPC is a nonprofit membership corporation established pursuant to the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–78lll ("SIPA")[1], with its principal place of business in Washington, D.C. Under its statutory mandate, SIPC oversees the liquidation of member broker-dealers that close when the broker-dealer is bankrupt or in financial trouble, and its customers need protection. Where customer assets are missing, SIPC may advance funds to satisfy the broker-dealer's obligations to the customer, within statutory limits.

[1] For convenience, future references to SIPA will omit "15 U.S.C."

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

2. Respondent Joan A. Perry ("Ms. Perry") was a registered representative with the Financial Industry Regulatory Authority ("FINRA"). Upon information and belief, she resides at 1171 Yosemite Avenue, San Jose, California and is a resident of the State of California.

3. Take Charge Financial, Inc. ("Take Charge") was an introducing broker-dealer incorporated in the State of California, with its principal place of business at 315 University Avenue, Los Gatos, California. It became a member of SIPC in 1985 and a member of FINRA in 1986. Petitioner is informed and believes that the corporate status of Take Charge has been suspended.

**Jurisdictional Allegations**

4. There is complete diversity of citizenship between the parties, and more than $75,000, exclusive of interest and costs, is at stake in this controversy; so that this court has jurisdiction of this matter under 28 U.S.C. § 1332(a)(1).

5. Venue is proper in the Northern District of California because Rule 12904(a) of the FINRA Code of Arbitration Procedure for Customer Disputes (the "Arbitration Code"), which governed the arbitration, states that "awards may be entered as a judgment in any court of competent jurisdiction," and because, upon information and belief, the Respondents reside in this District. See 28 U.S.C. § 1391(b).

**Background**

6. As an introducing broker,[2] Take Charge solicited customers to open accounts with it for the purpose of trading in the securities markets. Customers with open accounts could submit orders to Take Charge to buy and sell securities in their accounts. The accounts were cleared and carried by a third-party clearing broker.

7. Ms. Perry was the owner of Take Charge, as well as its President and Chief Financial Officer. Ms. Perry was registered at Take Charge as a General Securities Representative, General Securities Principal, Municipal Securities Representative, and Municipal Securities Principal, Financial and Operations Principal, and Registered Options Principal.

[2] An introducing broker is an individual or organization that solicits and takes orders to buy or sell securities, but delegates the trade executions to another merchant.

8. Customers opened accounts with Take Charge by executing, inter alia, an Advisory Services Agreement. The Advisory Services Agreements obligated the customers to pay a 2% annual investment advisory fee. The Advisory Services Agreements disclosed no other advisory fees, nor did the customers consent to any other advisory fees in any other agreement with Take Charge or Ms. Perry.

9. Between February 2009 and January 2012, however, without the customers' authorization, Respondents transferred additional funds out of certain customers' accounts to accounts controlled by the Respondents. These unauthorized withdrawals constituted conversions of the customers' funds.

10. Beginning in August 2011, FINRA commenced an on-site examination of Take Charge to investigate the fees being charged to Take Charge customers. This examination culminated in the Respondents' expulsion from FINRA on August 23, 2012.

11. On December 6, 2012, pursuant to SIPA § 78eee(a), FINRA referred Take Charge to SIPC on the grounds that Take Charge was in financial difficulty and that its customers were entitled to protection under SIPA.

12. Upon reviewing the referral provided by FINRA, SIPC determined that Take Charge had failed to meet its obligations to customers by transferring funds out of customer accounts without authorization. Accordingly, on January 8, 2013, SIPC commenced the Direct Payment Procedure for the protection of customers of Take Charge, as authorized by SIPA § 78fff-4. Under SIPA, a Direct Payment Procedure is an out-of-court procedure in which SIPC satisfies customer claims against a broker-dealer out of its Fund to the extent that customers are eligible for SIPA protection.

13. Upon the commencement of the Direct Payment Procedure, Take Charge's customers submitted claims to SIPC. SIPC, by its staff, reviewed these claims and conducted a thorough examination of the customers' account history. In numerous claimants' accounts, SIPC found evidence of unauthorized fee charges. Accordingly, SIPC allowed and paid these customers' claims in the amount of $103,714.19 as unauthorized withdrawals from their Take Charge accounts and converted customer property.

14. In consideration for the satisfaction of their claims, the customers each executed a Release and Assignment which "assigns and transfers to the SIPC all rights, including any and all causes of action, that Claimant may have against any third party arising out of, or relating to, Claimant's relationship with Take Charge Financial, Inc. (including, without limitation, any account maintained at Take Charge Financial, Inc. in Claimant's name or for [his/her] benefit)."

15. Moreover, pursuant to SIPA § 78fff-4(c), "[t]o the extent moneys of SIPC are used to satisfy the claims of customers, in addition to all other rights it may have at law or in equity, SIPC shall be subrogated to the claims of such customers against the member."

**The Arbitration**

16. Ms. Perry, as a representative registered with FINRA, and Take Charge, as a registered member of FINRA, are both subject to the Arbitration Code, which governs disputes between FINRA's members or associated persons and the customers of such members. A true and correct copy of the Arbitration Code is attached to this Petition as **Exhibit A**.

17. Rule 12200 of the Arbitration Code provides that if a dispute arises between a customer and a FINRA member or associated person which relates to the member's or associated person's business activities, the parties to the dispute must arbitrate under the Arbitration Code if requested by the customer or required by written agreement. Furthermore, upon a customer's written consent, an arbitration under the Arbitration Code may proceed against a member who has been expelled from FINRA or whose membership has otherwise been terminated.

18. Under the Arbitration Code, awards written and signed by a majority of the arbitrators "may be entered as a judgment in any court of competent jurisdiction." Arbitration Code 12904(a). Furthermore, "[u]nless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal." Arbitration Code Rule 12904(b).

19. On May 29, 2014, under the Arbitration Code, and pursuant to the assigned claims it received from Take Charge's customers, SIPC commenced an arbitration proceeding against the Respondents by filing a Statement of Claim, alleging that the Respondents were jointly and severally liable to SIPC for the conversion of customer property. SIPC sought to recover $100,000.00 which it paid to satisfy the customers' claims against Respondents.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

20. By letter dated June 5, 2015, FINRA notified Ms. Perry and Take Charge Financial of SIPC's Statement of Claim and provided essential information regarding the arbitration process, including the hearing location in Washington, DC. A true and correct copy of FINRA's June 5, 2014 letter to Ms. Perry is attached hereto as **Exhibit B**.

21. As explained in the June 5, 2014 letter, an answer to the Statement of Claim was due by July 25, 2014. On or about July 18, 2014, the Respondents jointly signed and submitted a Submission Agreement, which states, among other things, that "[t]he undersigned parties . . . hereby submit the present matter in controversy . . . to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure." Under the Submission Agreement, the parties further agreed to comply with any award:

> The parties agree to abide by and perform any award(s) rendered pursuant to the Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of an court of competent jurisdiction which may properly enter such judgment.

A true and correct copy of Respondents' Submission Agreement is attached hereto as **Exhibit C**.

22. In a notation on the Submission Agreement and in an accompanying letter dated July 18, 2014, however, the Respondents stated that they could not arbitrate because, among other reasons, Take Charge had ceased doing business and Ms. Perry lacked financial resources to respond to the Statement of Claim or otherwise defend herself. A true and correct copy of Respondents' July 18, 2014 letter is attached hereto as **Exhibit D**.

23. Neither the Submission Agreement nor the July 18, 2014 letter constituted an answer to the factual allegations and legal claims in the Statement of Claim as required by the Arbitration Code. *See* Arbitration Code Rule 12303 (requiring a Submission Agreement and "[a]n answer specifying the relevant facts and available defenses to the statement of claim"). Accordingly, pursuant to Arbitration Code Rule 12801(b), SIPC requested default proceedings against the Respondents for failure to file a timely answer.

24. The Respondents never replied to SIPC's request or to FINRA's further request for a response. Accordingly, FINRA proceeded with SIPC's motion for default. In a default proceeding

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CA

under the Arbitration Code, a single arbitrator is appointed to review the statement of claim and supporting materials and must decide whether the claimant has presented sufficient evidence to support an award. A respondent's non-appearance alone does not justify an award. No hearing is held, and if a respondent submits an answer at any time before the award is issued, the default proceedings are terminated.

25. Following the arbitrator's review of SIPC's Statement of Claim, and based on all of the evidence, the arbitrator issued a written award dated January 9, 2015 ("Arbitration Award"). The Arbitration Award entered judgment in SIPC's favor, holding the Respondents jointly and severally liable and ordering them to pay SIPC compensatory damages of $100,000.00. A true and correct copy of the Arbitration Award is attached hereto as **Exhibit E**.

26. Respondents failed to satisfy the Arbitration Award within 30 days, as required by the Arbitration Code. Therefore, a judgment on the Arbitration Award is necessary to permit SIPC to enforce it.

27. Under Arbitration Code Rule 12904(j), if an award is not paid within 30 days, it shall bear interest at the legal rate of the state where the award was rendered.

28. FINRA designated the District of Columbia as the place of arbitration. Under District of Columbia Code section 28-3302, the rate of interest of judgments:

> shall be 70% of the rate of interest set by the Secretary of the Treasury pursuant to section 6621 of the Internal Revenue Code of 1986, approved October 22, 1986 (100 Stat. 2744; 26 U.S.C. § 6621), for underpayments of tax to the Internal Revenue Service, rounded to the nearest full percent, or if exactly 1/2 of 1%, increased to the next highest full percent; provided, that a court of competent jurisdiction may lower the rate of interest under this subsection for good cause shown or upon a showing that the judgment debtor in good faith is unable to pay the judgment.

D.C. Code § 28-3302(c). From January 9, 2015 to present, the interest rate on judgments in the District of Columbia is 2% per annum, although it may vary in the future.[3]

29. This petition is authorized by the terms of the Arbitration Code and Section 9 of the Federal Arbitration Act.

30. This petition is timely because it is filed within one year after the award was made.

[3] *See http://www.dccourts.gov/internet/documents/InterestRateSchedule.pdf.*

31. The Arbitration Award is in all respects proper and there are no legitimate grounds for Respondents to belatedly contest the Arbitration Award. Accordingly, SIPC is entitled to an order confirming the Arbitration Award and entry of a judgment thereon.

**Prayer for Relief**

**WHEREFORE**, SIPC respectfully requests that the Court:

A. Enter an order confirming the Arbitration Award in all respects, as authorized by Section 9 of the Federal Arbitration Act;

B. Enter a judgment against Respondents and in favor of SIPC that conforms to the Arbitration Award, including interest payable at the legal rate of interest on judgments provided by the District of Columbia under D.C. Code § 28-3302(c), accruing from January 9, 2015;

C. Award SIPC its costs and disbursements in this proceeding in the amount of $531.90; and

D. Grant such other relief as the Court deems just and proper.

Dated: November 19, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Gail S. Greenwood*
Gail S. Greenwood

-- and –

SECURITIES INVESTOR PROTECTION CORPORATION
Nathanael Kelley, Assistant General Counsel
Hemant Sharma, Associate General Counsel
805 Fifteenth Street, N.W., Suite 800
Washington, D.C. 20005
Telephone: (202) 371-8300
Email: nkelley@sipc.org
hsharma@sipc.org

Attorneys for Petitioner
Securities Investor Protection Corporation

# EXHIBIT A



Text only | Print

## 12000. CODE OF ARBITRATION PROCEDURE FOR CUSTOMER DISPUTES

**The Customer Code applies to claims filed on or after April 16, 2007. In addition, the list selection provisions of the Customer Code apply to previously filed claims in which a list of arbitrators must be generated after April 16, 2007; in these cases, however, the claim will continue to be governed by the remaining provisions of the old Code unless all parties agree to proceed under the new Code.**

## PART I INTERPRETIVE MATERIAL, DEFINITIONS, ORGANIZATION AND AUTHORITY

## IM-12000. Failure to Act Under Provisions of Code of Arbitration Procedure for Customer Disputes

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2010 for a member or a person associated with a member to:

(a) fail to submit a dispute for arbitration under the Code as required by the Code;

(b) fail to comply with any injunctive order issued pursuant to the Code;

(c) fail to appear or to produce any document in his possession or control as directed pursuant to provisions of the Code;

(d) fail to honor an award, or comply with a written and executed settlement agreement, obtained in connection with an arbitration submitted for disposition pursuant to the rules applicable to the arbitration of disputes before FINRA or other dispute resolution forum selected by the parties where timely motion has not been made to vacate or modify such award pursuant to applicable law; or

(e) fail to comply with a written and executed settlement agreement, obtained in connection with a mediation submitted for disposition pursuant to the procedures specified by FINRA.

All awards shall be honored by a cash payment to the prevailing party of the exact dollar amount stated in the award. Awards may not be honored by crediting the prevailing party's account with the dollar amount of the award, unless authorized by the express terms of the award or consented to in writing by the parties. Awards shall be honored upon receipt thereof, or within such other time period as may be prescribed by the award.

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2010 for a member to require associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure.

Amended by SR-FINRA-2008-057 eff. Dec. 15, 2008.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-026 eff. April 16, 2007.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12100. Definitions

Unless otherwise defined in the Code, terms used in the Rules and interpretive material, if defined in the FINRA By-Laws, shall have the meaning as defined in the FINRA By-Laws.

**(a) Associated Person**

The term "associated person" or "associated person of a member" means a person associated with a member, as that term is defined in paragraph (r).

**(b) Award**

An award is a document stating the disposition of a case.

**(c) Board**

The term "Board" means the Board of Directors of FINRA Dispute Resolution, Inc.

**(d) Claim**

The term "claim" means an allegation or request for relief.

**(e) Claimant**

The term "claimant" means a party that files the statement of claim that initiates an arbitration under Rule 12302.

**(f) Code**

The term "Code" means the Code of Arbitration Procedure for Customer Disputes. For disputes involving only industry parties, see the Code of Arbitration Procedure for Industry Disputes.

**(g) Counterclaim**

The term "counterclaim" means a claim asserted against a claimant by a respondent.

**(h) Cross Claim**

The term "cross claim" means a claim asserted by a respondent against another already-named respondent.

**(i) Customer**

A customer shall not include a broker or dealer.

**(j) Day**

Except as otherwise provided, the term "day" means calendar day. If a deadline specified in the Code falls on a Saturday, Sunday or any FINRA holiday, the deadline is extended until the next business day.

**(k) Director**

The term "Director" means the Director of FINRA Dispute Resolution. Unless the Code provides that the Director may not delegate a specific function, the term includes FINRA staff to whom the Director has delegated authority.

**(l) Dispute**

The term "dispute" means a dispute, claim or controversy. A dispute may consist of one or more claims.

**(m) Hearing**

The term "hearing" means the hearing on the merits of an arbitration under Rule 12600.

**(n) Hearing Session**

The term "hearing session" means any meeting between the parties and arbitrator(s) of four hours or less, including a hearing or a prehearing conference.

**(o) Member**

For purposes of the Code, the term "member" means any broker or dealer admitted to membership in FINRA, whether or not the membership has been terminated or cancelled; and any broker or dealer admitted to membership in a self-regulatory organization that, with FINRA consent, has required its members to arbitrate pursuant to the Code and/or to be treated as members of FINRA for purposes of the Code, whether or not the membership has been terminated or cancelled.

**(p) Non-Public Arbitrator**

The term "non-public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and:

(1) is, or within the past five years, was:

(A) associated with, including registered through, a broker or a dealer (including a government securities broker or dealer or a municipal securities dealer);

(B) registered under the Commodity Exchange Act;

(C) a member of a commodities exchange or a registered futures association; or

(D) associated with a person or firm registered under the Commodity Exchange Act;

(2) is retired from, or spent a substantial part of a career engaging in, any of the business activities listed in paragraph (p)(1);

(3) is an attorney, accountant, or other professional who has devoted 20 percent or more of his or her professional work, in the last two years, to clients who are engaged in any of the business activities listed in paragraph (p)(1); or

(4) is an employee of a bank or other financial institution and effects transactions in securities, including government or municipal securities, and commodities futures or options or supervises or monitors the compliance with the securities and commodities laws of employees who engage in such activities.

For purposes of this rule, the term "professional work" shall not include mediation services performed by mediators who are also arbitrators, provided that the mediator acts in the capacity of a mediator and does not represent a party in the mediation.

**(q) Panel**

The term "panel" means the arbitration panel, whether it consists of one or more arbitrators.

**(r) Person Associated with a Member**

The term "person associated with a member" means:

(1) A natural person who is registered or has applied for registration under the Rules of FINRA; or

(2) A sole proprietor, partner, officer, director, or branch manager of a member, or other natural person occupying a similar status or performing similar functions, or a natural person engaged in the investment banking or securities business who is directly or indirectly controlling or controlled by a member, whether or not any such person is registered or exempt from registration with FINRA under the By-Laws or the Rules of FINRA.

For purposes of the Code, a person formerly associated with a member is a person associated with a member.

**(s) Pleadings**

A pleading is a statement describing a party's causes of action or defenses. Documents that are considered pleadings are: a statement of claim, an answer, a counterclaim, a cross claim, a third party claim, and any replies.

**(t) Prehearing Conference**

The term "prehearing conference" means any hearing session, including an Initial Prehearing Conference, that takes place before the hearing on the merits begins.

**(u) Public Arbitrator**

The term "public arbitrator" means a person who is otherwise qualified to serve as an arbitrator and:

(1) is not engaged in the conduct or activities described in paragraphs (p)(1)–(4);

(2) was not engaged in the conduct or activities described in paragraphs (p)(1)–(4) for a total of 20 years or more;

(3) is not an investment adviser, or associated with, including registered through, a mutual fund or hedge fund;

(4) is not an attorney, accountant, or other professional whose firm derived 10 percent or more of its annual revenue in the past two years from any persons or entities listed in paragraphs (p)(1)–(4);

(5) is not an attorney, accountant, or other professional whose firm derived $50,000 or more in annual revenue in the past two years from professional services rendered to any persons or entities listed in paragraph (p)(1) relating to any customer disputes concerning an investment account or transaction, including but not limited to, law firm fees, accounting firm fees, and consulting fees;

(6) is not employed by, and is not the spouse or an immediate family member of a person who is employed by, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the securities business;

(7) is not a director or officer of, and is not the spouse or an immediate family member of a person who is a director or officer of, an entity that directly or indirectly controls, is controlled by, or is under common control with, any partnership, corporation, or other organization that is engaged in the securities business; and

(8) is not the spouse or an immediate family member of a person who is engaged in the conduct or activities described in paragraphs (p)(1)–(4). For purposes of this rule, the term immediate family member means:

(A) a person's parent, stepparent, child, or stepchild;

(B) a member of a person's household;

(C) an individual to whom a person provides financial support of more than 50 percent of his or her annual income; or

(D) a person who is claimed as a dependent for federal income tax purposes.

A person whom FINRA would not designate as a public arbitrator because of an affiliation under subparagraphs (3)–(7) shall not be designated as a public arbitrator for two calendar years after ending the affiliation.

For purposes of this rule, the term "revenue" shall not include mediation fees received by mediators who are also arbitrators, provided that the mediator acts in the capacity of a mediator and does not represent a party in the mediation.

**(v) Respondent**

The term "respondent" means a party against whom a statement of claim or third party claim has been filed. A claimant against whom a counterclaim has been filed is not a respondent for purposes of the Code.

**(w) Statement of Claim**

The term "statement of claim" means the initial or amended claim filed by the party or parties initiating the arbitration.

**(x) Submission Agreement**

The term "Submission Agreement" means the FINRA Submission Agreement. The FINRA Submission Agreement is a document that parties must sign at the outset of an arbitration in which they agree to submit to arbitration under the Code.

**(y) Third Party Claim**

The term "third party claim" means a claim asserted against a party not already named in the statement of claim or any other previous pleading.

Amended by SR-FINRA-2013-003 eff. July 1, 2013.
Amended by SR-FINRA-2009-041 eff. Jan. 18, 2010.
Amended by SR-FINRA-2008-031 eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-021 eff. June 9, 2008.
Amended by SR-NASD-2007-038 eff. June 14, 2007.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices to Members:** 07-07, 08-22, 08-57, 09-04, 09-74, 13-21.

## 12101. Applicability of Code and Incorporation by Reference

**(a) Applicability of Code**

The Code applies to any dispute between a customer and a member or associated person of a member that is submitted to arbitration under Rule 12200 or 12201.

**(b) Incorporation by Reference**

When a dispute is submitted to arbitration under the Code pursuant to an arbitration agreement, the Code is incorporated by reference into the agreement.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

## 12102. National Arbitration and Mediation Committee

(a) Pursuant to Section III of the Plan of Allocation and Delegation of Functions by FINRA to Subsidiaries ("Delegation Plan"), the Board shall appoint a National Arbitration and Mediation Committee ("NAMC").

(1) The NAMC shall consist of no fewer than 10 and no more than 25 members. At least 50 percent of the NAMC shall be Non-Industry members.

(2) The Chairperson of the Board shall name the chairperson of the NAMC.

(b) Pursuant to the Delegation Plan, the NAMC shall have the authority to recommend rules, regulations, procedures and amendments relating to arbitration, mediation, and other dispute resolution matters to the Board. The NAMC shall also establish and maintain rosters of neutrals composed of persons from within and outside of the securities industry. All matters recommended by the NAMC to the Board must have been approved by a quorum, which shall consist of a majority of the NAMC, including at least 50 percent of the Non-Industry committee members. If at least 50 percent of the Non-Industry committee members are either (i) present at or (ii) have filed a waiver of attendance for a meeting after receiving an agenda prior to such meeting, the requirement that at least 50 percent of the Non-Industry committee members be present to constitute the quorum shall be waived. The NAMC has such other power and authority as is necessary to carry out the purposes of the Code.

(c) The NAMC may meet as frequently as necessary, but must meet at least once a year.

Amended by SR-FINRA-2009-003 eff. Jan. 8, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-026 eff. April 16, 2007.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

## 12103. Director of Dispute Resolution

(a) The Board shall appoint a Director of Dispute Resolution. The Director shall perform all the administrative duties relating to arbitrations submitted under the Code. The Director may delegate his or her duties when it is appropriate, unless the Code provides otherwise.

(b) The Director shall consult with the NAMC at the NAMC's request.

(c) The President of FINRA Dispute Resolution may perform the Director's duties. If the Director is unable to perform his or her duties, the President of FINRA Dispute Resolution may appoint an interim Director.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

## 12104. Effect of Arbitration on FINRA Regulatory Activities; Arbitrator Referral During or at Conclusion of Case

(a) Submitting a dispute to arbitration under the Code does not limit or preclude any right, action or determination by FINRA that it would otherwise be authorized to adopt, administer or enforce.

(b) During the pendency of an arbitration, any arbitrator may refer to the Director any matter or conduct that has come to the arbitrator's attention during a hearing, which the arbitrator has reason to believe poses a serious threat, whether ongoing or imminent, that is likely to harm investors unless immediate action is taken. Arbitrators should not make referrals during the pendency of an arbitration based solely on allegations in the statement of claim, counterclaim, cross claim, or third party claim. If a case is nearing completion, the arbitrator should wait until the case concludes to make the referral if, in the arbitrator's judgment, investor protection will not be materially compromised by this delay.

(c) If any arbitrator refers a matter or conduct for investigation under paragraph (b) of this rule, the Director will disclose the act of making the referral to the parties. A party may request that the referring arbitrator(s) recuse themselves, as provided in the Code, no later than three days after the Director notifies the parties of the referral. If a party does not make the recusal request within the prescribed timeframe, the party forfeits the right to request recusal of the referring arbitrator(s).

(d) The President of FINRA Dispute Resolution or the Director will evaluate the arbitrator referral to determine whether to transmit it to other divisions of FINRA. Only the President or the Director shall have the authority to act under this paragraph (d).

(e) At the conclusion of an arbitration, any arbitrator may refer to FINRA for investigation any matter or conduct that has come to the arbitrator's attention during and in connection with the arbitration, either from the record of the proceeding or from material or communications related to the arbitration, which the arbitrator has reason to believe may constitute a violation of the rules of FINRA, the federal securities laws, or other applicable rules or laws.

Amended by SR-FINRA-2014-045 eff. Dec. 1, 2014.
Amended by SR-FINRA-2014-005 eff. Oct. 27, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.

Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 14-42.

## 12105. Agreement of the Parties

(a) Except as provided in paragraph (b), if the Code provides that the parties may agree to modify a provision of the Code, or a decision of the Director or the panel, the written agreement of all named parties is required.

(b) If the Director or the panel determines that a named party is inactive in the arbitration, or has failed to respond after adequate notice has been given, the Director or the panel may determine that the written agreement of that party is not required while the party is inactive or not responsive. For purposes of this rule, an inactive party could be, but is not limited to: (1) a party that does not answer; (2) a party that answers and then fails to respond to correspondence sent by the Director; (3) a party that answers and then fails to respond to correspondence sent by the panel in cases involving direct communication under Rule 12211; or (4) a party that does not attend pre-hearing conferences.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

## PART II GENERAL ARBITRATION RULES

## 12200. Arbitration Under an Arbitration Agreement or the Rules of FINRA

Parties must arbitrate a dispute under the Code if:

- Arbitration under the Code is either:

    (1) Required by a written agreement, or

    (2) Requested by the customer;

- The dispute is between a customer and a member or associated person of a member; and

- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

## 12201. Elective Arbitration

Parties may arbitrate a dispute under the Code if:

- The parties agree in writing to submit the dispute to arbitration under the Code after the dispute arises; and

- The dispute is between a customer and a member, associated person of a member, or other related party; and

- The dispute arises in connection with the business activities of a member or an associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12202. Claims Against Inactive Members

A claim by or against a member in one of the following categories is ineligible for arbitration under the Code unless the customer agrees in writing to arbitrate after the claim arises:

- A member whose membership is terminated, suspended, cancelled or revoked;

- A member that has been expelled from FINRA; or
- A member that is otherwise defunct.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12203. Denial of FINRA Forum

(a) The Director may decline to permit the use of the FINRA arbitration forum if the Director determines that, given the purposes of FINRA and the intent of the Code, the subject matter of the dispute is inappropriate, or that accepting the matter would pose a risk to the health or safety of arbitrators, staff, or parties or their representatives. Only the Director or the President of FINRA Dispute Resolution may exercise the Director's authority under this rule.

(b) Disputes that arise out of transactions in a readily identifiable market may be referred to the arbitration forum for that market, if the claimant agrees.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

## 12204. Class Action Claims

(a) Class action claims may not be arbitrated under the Code.

(b) Any claim that is based upon the same facts and law, and involves the same defendants as in a court-certified class action or a putative class action, or that is ordered by a court for class-wide arbitration at a forum not sponsored by a self-regulatory organization, shall not be arbitrated under the Code, unless the party bringing the claim files with FINRA one of the following:

(1) a copy of a notice filed with the court in which the class action is pending that the party will not participate in the class action or in any recovery that may result from the class action, or has withdrawn from the class according to any conditions set by the court; or

(2) a notice that the party will not participate in the class action or in any recovery that may result from the class action.

(c) The Director will refer to a panel any dispute as to whether a claim is part of a class action, unless a party asks the court hearing the class action to resolve the dispute within 10 days of receiving notice that the Director has decided to refer the dispute to a panel.

(d) A member or associated person may not enforce any arbitration agreement against a member of a certified or putative class action with respect to any claim that is the subject of the certified or putative class action until:

- The class certification is denied;
- The class is decertified;
- The member of the certified or putative class is excluded from the class by the court; or
- The member of the certified or putative class elects not to participate in the class or withdraws from the class according to conditions set by the court, if any.

This paragraph does not otherwise affect the enforceability of any rights under this Code or any other agreement.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12205. Shareholder Derivative Actions

Shareholder derivative actions may not be arbitrated under the Code.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12206. Time Limits

**(a) Time Limitation on Submission of Claims**

No claim shall be eligible for submission to arbitration under the Code where six years have elapsed from the occurrence or event giving rise to the claim. The panel will resolve any questions regarding the eligibility of a claim under this rule.

**(b) Dismissal under Rule**

Dismissal of a claim under this rule does not prohibit a party from pursuing the claim in court. By filing a motion to dismiss a claim under this rule, the moving party agrees that if the panel dismisses a claim under this rule, the non-moving party may withdraw any remaining related claims without prejudice and may pursue all of the claims in court.

(1) Motions under this rule must be made in writing, and must be filed separately from the answer, and only after the answer is filed.

(2) Unless the parties agree or the panel determines otherwise, parties must serve motions under this rule at least 90 days before a scheduled hearing, and parties have 30 days to respond to the motion. Moving parties may reply to responses to motions. Any such reply must be made within 5 days of receipt of a response.

(3) Motions under this rule will be decided by the full panel.

(4) The panel may not grant a motion under this rule unless an in-person or telephonic prehearing conference on the motion is held or waived by the parties. Prehearing conferences to consider motions under this rule will be recorded as set forth in Rule 12606.

(5) If the panel grants a motion under this rule (in whole or part), the decision must be unanimous, and must be accompanied by a written explanation.

(6) If the panel denies a motion under this rule, a party may not re-file the denied motion, unless specifically permitted by panel order.

(7) If the party moves to dismiss on multiple grounds including eligibility, the panel must decide eligibility first.

- If the panel grants the motion to dismiss the case on eligibility grounds on all claims, it shall not rule on any other grounds for the motion to dismiss.

- If the panel grants the motion to dismiss on eligibility grounds on some, but not all claims, and the party against whom the motion was granted elects to move the case to court, the panel shall not rule on any other ground for dismissal for 15 days from the date of service of the panel's decision to grant the motion to dismiss on eligibility grounds.

- If a panel dismisses any claim on eligibility grounds, the panel must record the dismissal on eligibility grounds on the face of its order and any subsequent award the panel may issue.

- If the panel denies the motion to dismiss on eligibility grounds, it shall rule on the other bases for the motion to dismiss the remaining claims in accordance with the procedures set forth in Rule 12504(a).

(8) If the panel denies a motion under this rule, the panel must assess forum fees associated with hearings on the motion against the moving party.

(9) If the panel deems frivolous a motion filed under this rule, the panel must also award reasonable costs and attorneys' fees to any party that opposed the motion.

(10) The panel also may issue other sanctions under Rule 12212 if it determines that a party filed a motion under this rule in bad faith.

**(c) Effect of Rule on Time Limits for Filing Claim in Court**

The rule does not extend applicable statutes of limitations; nor shall the six-year time limit on the submission of claims apply to any claim that is directed to arbitration by a court of competent jurisdiction upon request of a member or associated person. However, when a claimant files a statement of claim in arbitration, any time limits for the filing of the claim in court will be tolled while FINRA retains jurisdiction of the claim.

**(d) Effect of Filing a Claim in Court on Time Limits for Filing in Arbitration**

If a party submits a claim to a court of competent jurisdiction, the six-year time limitation will not run while the court retains jurisdiction of the claim matter.

Amended by SR-FINRA-2011-006 eff. June 6, 2011.
Amended by SR-FINRA-2009-013 eff. Aug. 10, 2009.
Amended by SR-FINRA-2007-021 eff. Feb. 23, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-026 eff. April 16, 2007.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 09-07, 09-36, 11-23.

## 12207. Extension of Deadlines

(a) The parties may agree in writing to extend or modify any deadline for:

- Serving an answer;
- Returning arbitrator or chairperson lists;
- Responding to motions; or
- Exchanging documents or witness lists.

If the parties agree to extend or modify a deadline under this rule, they must notify the Director of the new deadline in writing.

(b) The panel may extend or modify any deadline listed in paragraph (a), or any other deadline set by the panel, either on its own initiative or upon motion of a party.

(c) The Director may extend or modify any deadline or time period set by the Code for good cause. The Director may also extend or modify any deadline or time period set by the panel in extraordinary circumstances.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12208. Representation of Parties

**(a) Representation by a Party**

Parties may represent themselves in an arbitration held in a United States hearing location. A member of a partnership may represent the partnership; and a bona fide officer of a corporation, trust, or association may represent the corporation, trust, or association.

**(b) Representation by an Attorney**

At any stage of an arbitration proceeding held in a United States hearing location, all parties shall have the right to be represented by an attorney at law in good standing and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States, unless state law prohibits such representation.

**(c) Representation by Others**

Parties may be represented in an arbitration by a person who is not an attorney, unless:

- state law prohibits such representation, or
- the person is currently suspended or barred from the securities industry in any capacity, or
- the person is currently suspended from the practice of law or disbarred.

**(d) Qualifications of Representative**

Issues regarding the qualifications of a person to represent a party in arbitration are governed by applicable law and may be

determined by an appropriate court or other regulatory agency. In the absence of a court order, the arbitration proceeding shall not be stayed or otherwise delayed pending resolution of such issues.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2006-109 eff. Dec. 24, 2007.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 07-57, 08-57.

## 12209. Legal Proceedings

During an arbitration, no party may bring any suit, legal action, or proceeding against any other party that concerns or that would resolve any of the matters raised in the arbitration.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12210. Ex Parte Communications

(a) Except as provided in Rule 12211, no party, or anyone acting on behalf of a party, may communicate with any arbitrator outside of a scheduled hearing or conference regarding an arbitration unless all parties or their representatives are present.

(b) No party, or anyone acting on behalf of a party, may send or give any written motion, request, submission or other materials directly to any arbitrator, unless the arbitrators and the parties agree, or the Code provides otherwise.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12211. Direct Communication Between Parties and Arbitrators

(a) This rule provides procedures under which parties and arbitrators may communicate directly.

(b) Only parties that are represented by counsel may use direct communication under this rule. If, during the proceeding, a party chooses to appear *pro se* (without counsel), this rule shall no longer apply.

(c) All arbitrators and all parties must agree to the use of direct communication during the Initial Prehearing Conference or a later conference or hearing before it can be used.

(d) Parties may send the arbitrators only items that are listed in an order.

(e) Parties may send items by regular mail, overnight courier, facsimile, or email. All the arbitrators and parties must have facsimile or email capability before such a delivery method may be used.

(f) Copies of all materials sent to arbitrators must also be sent at the same time and in the same manner to all parties and the Director. Materials that exceed 15 pages, however, shall be sent to the Director only by regular mail or overnight courier.

(g) The Director must receive copies of any orders and decisions made as a result of direct communications among the parties and the arbitrators.

(h) Parties may not communicate orally with any of the arbitrators outside the presence of all parties.

(i) Any party or arbitrator may terminate the direct communication order at any time, after giving written notice to the other arbitrators and the parties.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12212. Sanctions

(a) The panel may sanction a party for failure to comply with any provision in the Code, or any order of the panel or single arbitrator authorized to act on behalf of the panel.

Unless prohibited by applicable law, sanctions may include, but are not limited to:

- Assessing monetary penalties payable to one or more parties;
- Precluding a party from presenting evidence;
- Making an adverse inference against a party;
- Assessing postponement and/or forum fees; and
- Assessing attorneys' fees, costs and expenses.

(b) The panel may initiate a disciplinary referral at the conclusion of an arbitration.

(c) The panel may dismiss a claim, defense or arbitration with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12213. Hearing Locations

**(a) U.S. Hearing Location**

(1) The Director will decide which of FINRA's hearing locations will be the hearing location for the arbitration. Generally, the Director will select the hearing location closest to the customer's residence at the time of the events giving rise to the dispute, unless the hearing location closest to the customer's residence is in a different state, in which case the customer may request a hearing location in the customer's state of residence at the time of the events giving rise to the dispute.

(2) Before arbitrator lists are sent to the parties under Rule 12402(c) or Rule 12403(b), the parties may agree in writing to a hearing location other than the one selected by the Director.

(3) The Director may change the hearing location upon motion of a party, as set forth in Rule 12503.

(4) After the panel is appointed, the panel may decide a motion relating to changing the hearing location.

**(b) Foreign Hearing Location**

(1) If the Director and all parties agree, parties may have their hearing in a foreign hearing location and conducted by foreign arbitrators, provided that the foreign arbitrators have:

(A) met FINRA background qualifications for arbitrators;

(B) received training on FINRA arbitration rules and procedures; and

(C) satisfied at least the same training and testing requirements as those arbitrators who serve in U. S. locations of FINRA.

(2) The parties shall pay an additional surcharge for each day of hearings held in a foreign hearing location. The amount of the surcharge will be determined by the Director and must be agreed to by the parties before the foreign hearing location may be used. This surcharge shall be specified in the agreement to use a foreign hearing location and shall be apportioned equally among the parties, unless they agree otherwise. The foreign arbitrators shall have the authority to apportion this surcharge as provided in Rule 12902(c).

Amended by SR-FINRA-2013-023 eff. Sep. 30, 2013.
Amended by SR-FINRA-2011-007 eff. Feb. 16, 2011.
Amended by SR-FINRA-2009-073 eff. May 3, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 10-17, 13-30.

## 12214. Payment of Arbitrators

(a) Except as provided in paragraph (b) and in Rule 12800, FINRA will pay the panel an honorarium, as follows:

- $300 to each arbitrator for each hearing session in which he or she participates;
- an additional $125 per day to the chairperson for each hearing on the merits;
- $50 for travel to a hearing session that is postponed pursuant to Rule 12601; and
- $100 for each arbitrator if a hearing session other than a prehearing conference is postponed within three business days before a scheduled hearing session pursuant to Rules 12601(a)(2) and (b)(2).

(b) The Director may authorize a higher or additional honorarium for the use of a foreign hearing location.

(c) Payment for Deciding Discovery-Related Motions Without a Hearing Session

(1) FINRA will pay each arbitrator an honorarium of $200 to decide a discovery-related motion without a hearing session. This paragraph does not apply to cases administered under Rule 12800.

(2) For purposes of paragraph (c)(1), a discovery-related motion and any replies or other correspondence relating to the motion shall be considered to be a single motion.

(3) The panel will allocate the cost of the honoraria under paragraph (c)(1) to the parties pursuant to Rule 12902(c).

(d) Payment for Deciding Contested Subpoena Requests Without a Hearing Session

(1) The honorarium for deciding one or more contested motions requesting the issuance of a subpoena without a hearing session shall be $250. The honorarium shall be paid on a per case basis to each arbitrator who decides the contested motion(s). The parties shall not be assessed more than $750 in fees under this paragraph in any arbitration proceeding. The honorarium shall not be paid for cases administered under Rule 12800.

(2) For purposes of paragraph (d)(1), a contested motion requesting the issuance of a subpoena shall include a motion requesting the issuance of a subpoena, the draft subpoena, a written objection from the party opposing the issuance of the subpoena, and any other documents supporting a party's position.

(3) The panel will allocate the cost of the honorarium under paragraph (d)(1) to the parties pursuant to Rule 12902(c).

(e) Payment for Explained Decisions

(1) The chairperson who is responsible for writing an explained decision pursuant to Rule 12904(g) will receive an additional honorarium of $400. The panel will allocate the cost of the honorarium under Rule 12904(g) to the parties.

(2) If the panel decides on its own to write an explained decision, then no panel member will receive the additional honorarium of $400.

Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2008-051 eff. Apr. 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Paragraph (d) Adopted by SR-NASD-2006-101 eff. April 2, 2007.
Paragraphs (a) through (c) adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16, 14-49.

## PART III INITIATING AND RESPONDING TO CLAIMS

## 12300. Filing and Serving Documents

(a) Initial statements of claim must be filed with the Director, with enough copies for each other party and each arbitrator. The number of arbitrators is determined in accordance with Rule 12401. The Director will serve the statement of claim on the other parties, and send copies of the statement of claim to each arbitrator.

(b) The parties must serve all other pleadings and other documents directly on each other party. Parties must serve all pleadings on all parties at the same time and in the same manner, unless the parties agree otherwise.

(c) Unless the Code provides otherwise, parties must also file all pleadings and other documents with the Director, with additional copies for each arbitrator. Pleadings and other documents must be filed with the Director at the same time and in the same manner in which they are served on the other parties. Parties filing pleadings and other documents with the Director must include a

certificate of service stating the names of the parties served, the date and method of service, and the address(es) to which service was made.

(d) Pleadings and other documents may be filed and served by: first class mail; overnight mail or delivery service; hand delivery; facsimile; or any other method, including electronic mail, that is approved or required by the panel.

(e) Filing and service are accomplished on the date of mailing either by first-class postage prepaid mail or overnight mail service, or, in the case of other means of service, on the date of delivery. Whenever pleadings and other documents must be filed with the Director and served on the other parties, filing and service must occur on the same day and in the same manner, unless the parties agree or the panel directs otherwise.

(f) A party must inform the Director and all other parties in writing of any change of address during an arbitration.

(g)(1) In an electronic or paper filing with FINRA, any document that contains an individual's Social Security number, taxpayer identification number or financial account number must be redacted to include only the last four digits of any of these numbers; a party shall not include the full numbers. If FINRA receives a claim, including supporting documents, with the full Social Security number, taxpayer identification number or financial account number, FINRA will deem the filing deficient under Rule 12307 and will request that the party refile the document in compliance with this paragraph. If a party files with FINRA any document not covered by Rule 12307, that contains full numbers as referenced above, FINRA will deem the filing improper and will request that the party refile the document within 30 days from the time the party receives notice. If a party refiles the document, the corrected documents will be considered filed on the date the party initially filed the documents with FINRA.

(2) The requirements of paragraph (g)(1) above do not apply to electronic or paper documents that parties exchange with each other and do not file with FINRA or to documents parties submit to a panel at a hearing on the merits.

(3) The requirements of paragraphs (g)(1) above do not apply to Simplified Arbitrations under Rule 12800.

Amended by SR-FINRA-2014-008 eff. July 28, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 14-27.

## 12301. Service on Associated Persons

(a) The Director will serve the initial statement of claim on an associated person directly at the person's residential address or usual place of abode. If service cannot be completed at the person's residential address or usual place of abode, the Director will serve the initial statement of claim on the associated person at the person's business address.

(b) If a member and a person currently associated with the member are named as respondents to the same arbitration, and the Director cannot complete service as provided in paragraph (a), then the Director may serve the member with the initial statement of claim on behalf of the associated person. If service is made on the member, the member must serve the associated person, even if the member will not be representing the associated person in the arbitration. If the member is not representing the associated person in the arbitration, the member must notify, and provide the associated person's current address to, all parties and the Director.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

## 12302. Filing an Initial Statement of Claim

**(a) Filing Claim with the Director**

To initiate an arbitration, a claimant must file the following with the Director:

- Signed and dated Submission Agreement; and
- A statement of claim specifying the relevant facts and remedies requested.

The claimant may include any additional documents supporting the statement of claim. The claimant may file the documents: (1) in hard copy; or (2) electronically through the Online Arbitration Claim Filing system that can be accessed at www.finra.org.

**(b) Number of Copies**

If not submitted electronically, the claimant must file enough copies of the statement of claim, and the signed Submission

Agreement, and any additional materials, for the Director, each arbitrator and each other party.

**(c) Fees**

At the time the statement of claim is filed, the claimant must pay all required filing fees.

**(d) Service by Director**

Unless the statement of claim is deficient under Rule 12307, the Director will send a copy of the Submission Agreement, the statement of claim, and any additional materials filed by the claimant, to each other party, and to each arbitrator once the panel has been appointed.

Amended by SR-FINRA-2010-050 eff. Sep. 27, 2010.
Amended by SR-FINRA-2008-031 eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-FINRA-2007-042 eff. Dec. 27, 2007.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04.

## 12303. Answering the Statement of Claim

(a) Respondent(s) must directly serve each other party with the following documents within 45 days of receipt of the statement of claim:

- Signed and dated Submission Agreement; and
- An answer specifying the relevant facts and available defenses to the statement of claim.

The respondent may include any additional documents supporting the answer to the statement of claim. Parties that fail to answer in the time provided may be subject to default proceedings under Rule 12801.

(b) The answer to the statement of claim may include any counterclaims against the claimant, cross claims against other respondents, or third party claims, specifying all relevant facts and remedies requested, as well as any additional documents supporting such claim. When serving a third party claim, the respondent must provide each new respondent with copies of all documents previously served by any party, or sent to the parties by the Director.

(c) At the same time that the answer to the statement of claim is served on the other parties, the respondent must file copies of the Submission Agreement, the answer to the statement of claim, and any additional documents, with the Director, with enough copies for the Director and each arbitrator.

(d) If the answer to the statement of claim contains any counterclaims, cross claims or third party claims, the respondent must pay all required filing fees.

Amended by SR-FINRA-2008-031. eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04.

## 12304. Answering Counterclaims

(a) A claimant must directly serve any answer to a counterclaim on each other party within 20 days of receipt of the counterclaim. At the same time, the claimant must file the answer to the counterclaim with the Director with additional copies for each arbitrator.

(b) The answer must include the relevant facts and available defenses to the counterclaim. The claimant may include any additional documents supporting the answer to the counterclaim.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12305. Answering Cross Claims

(a) A respondent must directly serve an answer to a cross claim on each other party within 20 days from the date that the respondent's answer to the statement of claim is due, or from the receipt of the cross claim, whichever is later. At the same time, the respondent must file the answer to the cross claim with the Director with additional copies for each arbitrator.

(b) The answer must include the relevant facts and available defenses to the cross claim. The respondent may include any additional documents supporting the answer to the cross claim.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12306. Answering Third Party Claims

(a) A party responding to a third party claim must directly serve all other parties with the following documents within 45 days of receipt of the third party claim:

- Signed and dated Submission Agreement; and
- An answer specifying the relevant facts and available defenses to the third party claim.

The respondent may include any additional documents supporting the answer to the third party claim.

(b) The answer to the third party claim may also include any counterclaims, cross claims, or third party claims, specifying all relevant facts and remedies requested. The answer may also include any additional documents supporting such claim. When serving a third party claim, the respondent must provide each new respondent with copies of all documents previously served by any party, or sent to the parties by the Director.

(c) At the same time that the answer to the third party claim is served on the other parties, the third party respondent must also file copies of the Submission Agreement, the answer to the third party claim, and any additional documents, with the Director, with additional copies for each arbitrator.

(d) If the answer to the third party claim contains any counterclaim, cross claim or third party claim, the party must also pay all required filing fees.

Amended by SR-FINRA-2008-031. eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04.

## 12307. Deficient Claims

(a) The Director will not serve any claim that is deficient. The reasons a claim may be deficient include the following:

- A Submission Agreement was not filed by each claimant;
- The Submission Agreement was not properly signed and dated;
- The Submission Agreement does not name all parties named in the claim;
- The claimant did not file the correct number of copies of the Submission Agreement, statement of claim or supporting documents for service on respondents and for the arbitrators;
- The claim does not specify the customer's home address at the time of the events giving rise to the dispute;
- The claim does not specify the claimant's or the claimant's representative's current address;
- The claimant did not pay all required filing fees, unless the Director deferred the fees; or
- The claim does not comply with the restrictions on filings with personal confidential information under Rule 12300(g).

(b) The Director will notify the claimant in writing if the claim is deficient. If the deficiency is corrected within 30 days from the time the claimant receives notice, the claim will be considered filed on the date the initial statement of claim was filed with the Director under Rule 12300(a). If all deficiencies are not corrected within 30 days, the Director will close the case without serving the claim, and will refund part of the filing fee in the amount indicated in the schedule under Rule 12900(c).

(c) The panel will not consider any counterclaim, cross claim or third party claim that is deficient. The reasons a counterclaim, cross claim or third party claim may be deficient include the reasons listed in paragraph (a). The Director will notify the party making the counterclaim, cross claim or third party claim of any deficiencies in writing. If the deficiency is corrected within 30 days from the time the party receives notice, the counterclaim, cross claim or third party claim will be considered filed on the date the initial counterclaim, cross claim or third party claim was filed with the Director. If all deficiencies are not corrected within 30 days from the time the party making the counterclaim, cross claim or third party claim receives notice of the deficiency, the panel will proceed with the arbitration as though the deficient counterclaim, cross claim or third party claim had not been made.

Amended by SR-FINRA-2014-008 eff. July 28, 2014.
Amended by SR-FINRA-2009-072 eff. March 22, 2010.
Amended by SR-FINRA-2008-031. eff. Feb. 9, 2009.
Amended by SR-FINRA-2009-003 eff. Jan. 8, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04, 10-11, 14-27.

## 12308. Loss of Defenses Due to Untimely or Incomplete Answer

(a) If a party does not answer within the time period specified in the Code, the panel may, upon motion, bar that party from presenting any defenses or facts at the hearing, unless the time to answer was extended in accordance with the Code. The party may also be subject to default proceedings under Rule 12801, if the conditions of Rule 12801(a) apply.

(b) If a party answers a claim that alleges specific facts and contentions with a general denial, or fails to include defenses or relevant facts in its answer that were known to it at the time the answer was filed, the panel may bar that party from presenting the omitted defenses or facts at the hearing.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12309. Amending Pleadings

### (a) Before Panel Appointment

Except as provided in paragraph (c), a party may amend a pleading at any time before the panel has been appointed.

(1) To amend a statement of claim that has been filed but not yet served by the Director, the claimant must file the amended claim with the Director, with additional copies for each arbitrator and each other party. The Director will then serve the amended claim in accordance with Rules 12300 and 12301.

(2) To amend any other pleading, a party must serve the amended pleading on each party. At the same time, the party must file the amended pleading with the Director, with additional copies for each arbitrator. If a pleading is amended to add a party to the arbitration, the party amending the pleading must provide each new party with copies of all documents previously served by any party, or sent to the parties by the Director.

### (b) After Panel Appointment

Once a panel has been appointed, a party may only amend a pleading if the panel grants a motion to amend in accordance with Rule 12503. Motions to amend a pleading must include a copy of the proposed amended pleading. If the panel grants the motion to amend, the amended pleading does not need to be re-served on the other parties, the Director, or the panel, unless the panel determines otherwise.

### (c) Amendments to Add Parties

Once the ranked arbitrator lists are due to the Director under Rule 12402(d) or Rule 12403(c), no party may amend a pleading to add a new party to the arbitration until a panel has been appointed and the panel grants a motion to add the party. Motions to add a party after panel appointment must be served on all parties, including the party to be added, and the party to be added may respond to the motion in accordance with Rule 12503 without waiving any rights or objections under the Code.

### (d) Responding to an Amended Pleading

Any party may file a response to an amended pleading, provided the response is filed and served within 20 days of receipt of the amended pleading, unless the panel determines otherwise.

Amended by SR-FINRA-2013-023 eff. Sep. 30, 2013.
Amended by SR-FINRA-2011-007 eff. Feb. 16, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 13-30.

### 12310. Answering Amended Claims

(a) If a claim is amended before it has been answered, the respondent's original time to answer is extended by 20 days.

(b) If a claim is amended after it has been answered, but before a panel has been appointed, the respondent has 20 days from the time the amended claim is served to serve an amended answer.

(c) If a claim is amended after a panel has been appointed, the respondent has 20 days from the time the respondent receives notice that the panel has granted the motion to amend the claim to serve an amended answer.

(d) The amended answer must be directly served on each other party. At the same time, the amended answer must also be filed with the Director, with additional copies for each arbitrator.

(e) If the amended claim adds a new party to the arbitration, the new party's answer is governed by Rule 12306.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

### 12311. Amendments to Amount in Dispute

If an amended pleading increases the amount in dispute, all filing fees, surcharges and process fees required by the Code will be recalculated based on the new amount in dispute.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

### 12312. Multiple Claimants

(a) One or more parties may join multiple claims together in the same arbitration if the claims contain common questions of law or fact and:

- The claims assert any right to relief jointly and severally; or
- The claims arise out of the same transaction or occurrence, or series of transactions or occurrences.

(b) After all responsive pleadings have been served, claims joined together under paragraph (a) of this rule may be separated into two or more arbitrations by the Director before a panel is appointed, or by the panel after the panel is appointed. A party whose claims were separated by the Director may make a motion to the panel in the lowest numbered case to reconsider the Director's decision.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

### 12313. Multiple Respondents

(a) One or more parties may name one or more respondents in the same arbitration if the claims contain any questions of law or fact common to all respondents and:

- The claims are asserted against the respondents jointly and severally; or
- The claims arise out of the same transaction or occurrence, or series of transactions or occurrences.

(b) After all responsive pleadings have been served, claims joined together under paragraph (a) of this rule may be separated into two or more arbitrations by the Director before a panel is appointed, or by the panel after the panel is appointed. A party whose claims were separated by the Director may make a motion to the panel in the lowest numbered case to reconsider the Director's decision.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12314. Combining Claims

Before ranked arbitrator lists are due to the Director under Rule 12402(d) or Rule 12403(c), the Director may combine separate but related claims into one arbitration. Once a panel has been appointed, the panel may reconsider the Director's decision upon motion of a party.

Amended by SR-FINRA-2013-023 eff. Sep. 30, 2013.
Amended by SR-FINRA-2011-007 eff. Feb. 16, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 13-30.

# PART IV APPOINTMENT, DISQUALIFICATION, AND AUTHORITY OF ARBITRATORS

## 12400. Neutral List Selection System and Arbitrator Rosters

**(a) Neutral List Selection System**

The Neutral List Selection System is a computer system that generates, on a random basis, lists of arbitrators from FINRA's rosters of arbitrators for the selected hearing location for each proceeding. The parties will select their panel through a process of striking and ranking the arbitrators on lists generated by the Neutral List Selection System.

**(b) Arbitrator Rosters**

FINRA maintains the following roster of arbitrators:

- A roster of non-public arbitrators as defined in Rule 12100(p);
- A roster of public arbitrators as defined in Rule 12100(u); and
- A roster of arbitrators who are eligible to serve as chairperson of a panel as described in paragraph (c). Arbitrators who are eligible to serve as chairperson will also be included in the roster of public arbitrators, but will only appear on one list in a case.

**(c) Eligibility for Chairperson Roster**

In customer disputes, chairpersons must be public arbitrators. Arbitrators are eligible for the chairperson roster if they have completed chairperson training provided by FINRA and:

- Have a law degree and are a member of a bar of at least one jurisdiction and have served as an arbitrator through award on at least two arbitrations administered by a self-regulatory organization in which hearings were held; or
- Have served as an arbitrator through award on at least three arbitrations administered by a self-regulatory organization in which hearings were held.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

## 12401. Number of Arbitrators

**(a) Claims of $50,000 or Less**

If the amount of a claim is $50,000 or less, exclusive of interest and expenses, the panel will consist of one arbitrator and the

claim is subject to the simplified arbitration procedures under Rule 12800.

**(b) Claims of More Than $50,000 Up To $100,000**

If the amount of a claim is more than $50,000 but not more than $100,000, exclusive of interest and expenses, the panel will consist of one arbitrator unless the parties agree in writing to three arbitrators.

**(c) Claims of More Than $100,000; Unspecified or Non-Monetary Claims**

If the amount of a claim is more than $100,000, exclusive of interest and expenses, or is unspecified, or if the claim does not request money damages, the panel will consist of three arbitrators, unless the parties agree in writing to one arbitrator.

Amended by SR-FINRA-2012-012 eff. July 23, 2012.
Amended by SR-FINRA-2008-047 eff. March 30, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 09-13, 12-30.

## 12402. Cases with One Arbitrator

**(a) Composition of Panels**

The arbitrator will be a public arbitrator selected from the public chairperson roster, unless the parties agree in writing otherwise.

**(b) Generating Lists**

(1) The Neutral List Selection System will generate a list of 10 public arbitrators from the FINRA chairperson roster.

(2) The Neutral List Selection System will exclude arbitrators from the lists based upon current conflicts of interest identified within the Neutral List Selection System.

**(c) Sending Lists to Parties**

(1) The Director will send the list generated by the Neutral List Selection System to all parties at the same time, within approximately 30 days after the last answer is due. The parties will also receive employment history for the past 10 years and other background information for each arbitrator listed.

(2) If a party requests additional information about an arbitrator, the Director will request the additional information from the arbitrator, and will send any response to all of the parties at the same time. When a party requests additional information, the Director may, but is not required to, toll the time for parties to return the ranked lists under Rule 12402(d)(3).

**(d) Striking and Ranking Arbitrators**

(1) Each separately represented party may strike up to four of the arbitrators from the list for any reason by crossing through the names of the arbitrators. At least six names must remain on the list.

(2) Each separately represented party shall rank all remaining arbitrators on the list in order of preference, with a "1" indicating the party's first choice, a "2" indicating the party's second choice, and so on.

(3) The ranked list must be returned to the Director no more than 20 days after the date upon which the Director sent the lists to the parties. If the Director does not receive a party's ranked list within that time, the Director will proceed as though the party did not want to strike any arbitrator or have any preferences among the listed arbitrators.

(4) Parties are not required to send a copy of their ranking list to the opposing parties.

**(e) Combining Lists**

The Director will prepare a combined ranked list of arbitrators based on the parties' numerical rankings, as follows:

- The Director will add the rankings of all claimants together, and the rankings of all respondents together, to produce a separate combined ranked list for the claimants and the respondents.
- The Director will then add the combined rankings of claimants and the respondents together, to produce a single combined ranking number for each arbitrator, excluding all arbitrators stricken by a party.

**(f) Appointment of Arbitrators; Discretion to Appoint Arbitrators Not on List**

(1) The Director will appoint the highest-ranked available arbitrator from the combined chairperson list.

(2) If the number of arbitrators available to serve from the combined list is not sufficient to fill an initial panel, the Director will appoint a chair-qualified arbitrator to complete the panel from names generated randomly by the Neutral List Selection System.

(3) The Director will provide the parties information about the arbitrator as provided in Rule 12402(c) and the parties will have the right to challenge the arbitrator as provided in Rule 12407.

(4) Appointment of the arbitrator occurs when the Director sends notice to the parties of the name of the arbitrator. Before making any decision as an arbitrator or attending a hearing session, the arbitrator must execute FINRA's arbitrator oath or affirmation.

**(g) Replacement of Arbitrators**

(1) If an arbitrator is removed, or becomes otherwise unable or unwilling to serve, the Director will appoint a replacement arbitrator in accordance with this rule.

(2) The Director will appoint as a replacement arbitrator the arbitrator who is the most highly ranked available arbitrator remaining on the combined list.

(3) If there are no available arbitrators on the combined list, the Director will appoint an arbitrator from the chairperson roster to complete the panel from names generated by the Neutral List Selection System. The Director will provide the parties information about the arbitrator as provided in Rule 12402(c) and the parties shall have the right to object to the arbitrator as provided in Rule 12407.

Adopted by SR-FINRA-2010-053 eff. Feb. 1, 2011.

**Selected Notice:** 11-05.

## 12403. Cases with Three Arbitrators

**Composition of Panels**

**(a) Generating Lists**

(1) The Neutral List Selection System will generate:

(A) A list of 10 arbitrators from the FINRA non-public arbitrator roster;

(B) A list of 10 arbitrators from the FINRA public arbitrator roster; and

(C) A list of 10 public arbitrators from the FINRA chairperson roster.

(2) The Neutral List Selection System will generate the chairperson list first. Chair-qualified arbitrators who were not selected for the chairperson list will be eligible for selection on the public list. An individual arbitrator cannot appear on both the chairperson list and the public list for the same case.

(3) The Neutral List Selection System will exclude arbitrators from the lists based upon current conflicts of interest identified within the Neutral List Selection System.

**(b) Sending Lists to Parties**

(1) The Director will send the lists generated by the Neutral List Selection System to all parties at the same time, within approximately 30 days after the last answer is due. The parties will also receive employment history for the past 10 years and other background information for each arbitrator listed.

(2) If a party requests additional information about an arbitrator, the Director will request the additional information from the arbitrator, and will send any response to all of the parties at the same time. When a party requests additional information, the Director may, but is not required to, toll the time for parties to return the ranked lists under Rule 12403(c)(3).

**(c) Striking and Ranking Arbitrators**

(1) Non-Public Arbitrator List

(A) Each separately represented party may strike any or all of the arbitrators from the non-public arbitrator list by crossing through the names of the arbitrators.

(B) If any names remain on the non-public arbitrator list, each separately represented party shall rank all remaining arbitrators in order of preference, with a "1" indicating the party's first choice, a "2" indicating the party's second choice, and so on.

(2) Chairperson and Public Lists

(A) Each separately represented party may strike up to four of the arbitrators from the chairperson list and up to four of the arbitrators from the public arbitrator list for any reason by crossing through the names of the arbitrators. At least six names must remain on each list.

(B) Each separately represented party shall rank all remaining arbitrators on the lists in order of preference, with a "1" indicating the party's first choice, a "2" indicating the party's second choice, and so on. Each list of arbitrators must be ranked separately.

(3) The ranked lists must be returned to the Director no more than 20 days after the date upon which the Director sent the lists to the parties. If the Director does not receive a party's ranked lists within that time, the Director will proceed as though the party did not want to strike any arbitrator or have any preferences among the listed arbitrators. A party's failure to comply with the 20-day timeframe may result in the appointment of a panel consisting of two public arbitrators and one non-public arbitrator.

(4) Parties are not required to send a copy of their ranking list to the opposing parties.

**(d) Combining Lists**

For each arbitrator classification (public, non-public, and chairperson), the Director will prepare combined ranked lists of arbitrators based on the parties' numerical rankings, as follows:

(1) The Director will add the rankings of all claimants together, and the rankings of all respondents together, to produce separate combined ranked lists for the claimants and the respondents.

(2) The Director will then add the combined rankings of claimants and the respondents together, to produce a single combined ranking number for each arbitrator, excluding all arbitrators stricken by a party.

(3) The Director will create separate combined ranked lists for each arbitrator classification in cases with both public and non-public arbitrators.

**(e) Appointment of Arbitrators; Discretion to Appoint Arbitrators Not on the List**

(1) The Director will appoint:

(A) The highest-ranked available non-public arbitrator from the combined non-public arbitrator list;

(B) The highest-ranked available public arbitrator from the combined public arbitrator list, and

(C) The highest-ranked available public arbitrator from the combined chairperson list, who will serve as chairperson of the panel.

(2) If the number of arbitrators available to serve from the combined public or chairperson lists is not sufficient to fill an initial panel, the Director will appoint one or more arbitrators of the required classification to complete the panel from names generated randomly by the Neutral List Selection System. The Director will provide the parties information about the arbitrators as provided in Rule 12403(b) and the parties will have the right to challenge the arbitrators as provided in Rule 12407.

(3) In cases in which the parties collectively strike all of the arbitrators appearing on the non-public list or when all remaining arbitrators on the non-public list are unable or unwilling to serve for any reason:

(A) The Director will return to the public list and select the next highest ranked available arbitrator (after the public arbitrator position has been filled) to complete the three member panel.

(B) In the event no ranked arbitrators remain on the public list or when all remaining arbitrators on the public list are unable or unwilling to serve for any reason, FINRA will select the next highest ranked arbitrator appearing on the chair-qualified list (after the chair position has been filled) to complete the three member panel.

(C) If the number of arbitrators available to serve from the chair-qualified list and public list is not sufficient to fill an initial panel, the Director will appoint a public arbitrator to complete the panel from names generated randomly by the Neutral List Selection System. The Director will provide the parties information about the arbitrator as provided in Rule 12403(b) and the parties will have the right to challenge the arbitrator as provided in Rule 12407.

(4) Appointment of arbitrators occurs when the Director sends notice to the parties of the names of the arbitrators on the panel. Before making any decision as an arbitrator or attending a hearing session, the arbitrators must execute FINRA's arbitrator oath or affirmation.

**(f) Replacement of Public Arbitrators**

(1) If a public arbitrator is removed, or becomes otherwise unable or unwilling to serve, the Director will appoint a replacement arbitrator in accordance with this rule, unless the parties agree in writing to proceed with only the remaining arbitrators.

(2) The Director will appoint as a replacement arbitrator the public arbitrator who is the most highly ranked available public arbitrator remaining on the combined public list.

(3) If the next highest ranked available public arbitrator from the combined list is unable or unwilling to serve for any reason, the Director will return to the initial public list and appoint the next highest ranked available arbitrator to complete the three member panel.

(4) If all remaining arbitrators on the public list are unable or unwilling to serve for any reason, the Director will appoint a public arbitrator to complete the panel from names generated randomly by the Neutral List Selection System.

(5) The Director will provide the parties information about the arbitrator as provided in Rule 12403(b) and the parties shall have the right to object to the arbitrator as provided in Rule 12407.

**(g) Replacement of a Chairperson**

(1) If a chairperson is removed, or becomes otherwise unable or unwilling to serve, the Director will appoint a replacement arbitrator in accordance with this rule, unless the parties agree in writing to proceed with only the remaining arbitrators.

(2) The Director will appoint as a replacement arbitrator the chair-qualified arbitrator who is the most highly ranked available arbitrator remaining on the combined chair-qualified list.

(3) If the next highest ranked available chair-qualified arbitrator from the combined list is unable or unwilling to serve for any reason, the Director will return to the initial chair-qualified list and appoint the next highest ranked available arbitrator to complete the three member panel.

(4) If all remaining arbitrators on the chair-qualified list are unable or unwilling to serve for any reason, the Director will appoint a chair-qualified public arbitrator to complete the panel from names generated randomly by the Neutral List Selection System.

(5) The Director will provide the parties information about the arbitrator as provided in Rule 12403(b) and the parties shall have the right to object to the arbitrator as provided in Rule 12407.

**(h) Replacement of Non-Public Arbitrators**

(1) If a non-public arbitrator is removed, or becomes otherwise unable or unwilling to serve, the Director will appoint a replacement arbitrator in accordance with this rule, unless the parties agree in writing to proceed with only the remaining arbitrators.

(2) In cases in which the parties collectively do not strike all of the non-public arbitrators from the initial list, the Director will appoint as a replacement arbitrator the non-public arbitrator who is the most highly ranked available non-public arbitrator remaining on the combined non-public list.

(3) If the next highest ranked available non-public arbitrator is unable or unwilling to serve for any reason, the Director will return to the initial non-public list and appoint the next highest ranked available arbitrator to complete the three member panel.

(4) In the event no ranked arbitrators remain on the non-public list or when all remaining arbitrators on the non-public list are unable or unwilling to serve for any reason, the Director will return to the public list and select the next highest ranked available arbitrator to complete the three member panel.

(A) In the event no ranked arbitrators remain on the public list or when all remaining arbitrators on the public list are unable or unwilling to serve for any reason, FINRA will select the next highest ranked arbitrator appearing on the chair-qualified list to complete the three member panel.

(B) In the event no ranked arbitrators remain on the chair-qualified list or when all remaining arbitrators on the chair-qualified list are unable or unwilling to serve for any reason, the Director will appoint a public arbitrator to complete the panel from names generated randomly by the Neutral List Selection System.

(5) The Director will provide the parties information about the arbitrator as provided in Rule 12403(b) and the parties shall have the right to object to the arbitrator as provided in Rule 12407.

Amended by SR-FINRA-2013-023 eff. Sep. 30, 2013.
Adopted by SR-FINRA-2010-053 eff. Feb. 1, 2011.

**Selected Notice:** 11-05, 13-30.

## 12404. Additional Parties

(a) If a party is added to an arbitration after the Director sends the lists generated by the Neutral List Selection System to the parties, but before parties must return the ranked lists to the Director, the Director will send the lists to the newly added party, with employment history for the past 10 years and other background information for each arbitrator listed. The newly added party may rank and strike the arbitrators in accordance with Rules 12402(d) or 12403(c). If the newly added party returns the lists within 20 days after the date upon which the Director sent the lists to the party, the Director will include the new party's lists when combining rankings under Rules 12402(e) or 12403(d). If the Director does not receive the list within that time, the Director will proceed as though the party did not want to strike any arbitrator or have any preference among the listed arbitrators.

(b) Once the ranked lists are due to the Director under Rules 12402(d)(3) or Rule 12403(c)(3), no party may amend a pleading to add a new party to the arbitration until a panel is appointed and grants a motion to add the party. Motions to add a party must be served on all parties, including the party to be added, and the party to be added may respond to the motion in accordance with Rule 12503 without waiving any rights or objections under the Code. If the panel grants the motion to add the party, the newly added party may not strike and rank the arbitrators, but may challenge an arbitrator for cause in accordance with Rule 12407.

Amended by SR-FINRA-2013-023 eff. Sep. 30, 2013.
Amended by SR-FINRA-2010-053 eff. Feb. 1, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-05, 13-30.

## 12405. Disclosures Required of Arbitrators

(a) Before appointing arbitrators to a panel, the Director will notify the arbitrators of the nature of the dispute and the identity of the parties. Each potential arbitrator must make a reasonable effort to learn of, and must disclose to the Director, any circumstances which might preclude the arbitrator from rendering an objective and impartial determination in the proceeding, including:

(1) Any direct or indirect financial or personal interest in the outcome of the arbitration;

(2) Any existing or past financial, business, professional, family, social, or other relationships or circumstances with any party, any party's representative, or anyone who the arbitrator is told may be a witness in the proceeding, that are likely to affect impartiality or might reasonably create an appearance of partiality or bias;

(3) Any such relationship or circumstances involving members of the arbitrator's family or the arbitrator's current employers, partners, or business associates; and

(4) Any existing or past service as a mediator for any of the parties in the case for which the arbitrator has been selected.

(b) The obligation to disclose interests, relationships, or circumstances that might preclude an arbitrator from rendering an objective and impartial determination described in paragraph (a) is a continuing duty that requires an arbitrator who accepts appointment to an arbitration proceeding to disclose, at any stage of the proceeding, any such interests, relationships, or circumstances that arise, or are recalled or discovered.

(c) The Director will inform the parties to the arbitration of any information disclosed to the Director under this rule unless the arbitrator who disclosed the information declines appointment or voluntarily withdraws from the panel as soon as the arbitrator learns of any interest, relationship or circumstance that might preclude the arbitrator from rendering an objective and impartial determination in the proceeding, or the Director removes the arbitrator.

Amended by SR-FINRA-2010-053 eff. Feb. 1, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-05.

## 12406. Arbitrator Recusal

Any party may ask an arbitrator to recuse himself or herself from the panel for good cause. Requests for arbitrator recusal are decided by the arbitrator who is the subject of the request.

Amended by SR-FINRA-2010-053 eff. Feb. 1, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-05.

## 12407. Removal of Arbitrator by Director

**(a) Before First Hearing Session Begins**

Before the first hearing session begins, the Director may remove an arbitrator for conflict of interest or bias, either upon request of a party or on the Director's own initiative.

(1) The Director will grant a party's request to remove an arbitrator if it is reasonable to infer, based on information known at the time of the request, that the arbitrator is biased, lacks impartiality, or has a direct or indirect interest in the outcome of the arbitration. The interest or bias must be definite and capable of reasonable demonstration, rather than remote or speculative. Close questions regarding challenges to an arbitrator by a customer under this rule will be resolved in favor of the customer.

(2) The Director must first notify the parties before removing an arbitrator on the Director's own initiative. The Director may not remove the arbitrator if the parties agree in writing to retain the arbitrator within five days of receiving notice of the Director's intent to remove the arbitrator.

**(b) After First Hearing Session Begins**

After the first hearing session begins, the Director may remove an arbitrator based only on information required to be disclosed under Rule 12405 that was not previously known by the parties. The Director may exercise this authority upon request of a party or on the Director's own initiative. Only the Director or the President of FINRA Dispute Resolution may exercise the Director's authority under this paragraph (b).

Amended by SR-FINRA-2010-053 eff. Feb. 1, 2011.
Amended by SR-FINRA-2009-003 eff. Jan. 8, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 11-05.

## 12408. Director's Discretionary Authority

The Director may exercise discretionary authority and make any decision that is consistent with the purposes of the Code to facilitate the appointment of arbitrators and the resolution of arbitrations.

Amended by SR-FINRA-2010-053 eff. Feb. 1, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-05.

## 12409. Jurisdiction of Panel and Authority to Interpret the Code

The panel has the authority to interpret and determine the applicability of all provisions under the Code. Such interpretations are final and binding upon the parties.

Amended by SR-FINRA-2010-053 eff. Feb. 1, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-05.

## 12410. Determinations of Arbitration Panel

All rulings and determinations of the panel must be made by a majority of the arbitrators, unless the parties agree, or the Code or applicable law provides, otherwise.

Amended by SR-FINRA-2010-053 eff. Feb. 1, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-05.

## PART V PREHEARING PROCEDURES AND DISCOVERY

### 12500. Initial Prehearing Conference

(a) After the panel is appointed, the Director will schedule an Initial Prehearing Conference before the panel, except as provided in paragraph (c) of this rule.

(b) The Initial Prehearing Conference will generally be held by telephone. Unless the parties agree otherwise, the Director must notify each party of the time and place of the Initial Prehearing Conference at least 20 days before it takes place.

(c) At the Initial Prehearing Conference, the panel will set discovery, briefing, and motions deadlines, schedule subsequent hearing sessions, and address other preliminary matters. The parties may agree to forgo the Initial Prehearing Conference only if they jointly provide the Director with the following information, in writing, with additional copies for each arbitrator, before the Initial Prehearing Conference is scheduled to be held:

- A statement that the parties accept the panel;
- Whether any other prehearing conferences will be held, and if so, for each prehearing conference, a minimum of four mutually agreeable dates and times, and whether the chairperson or the full panel will preside;
- A minimum of four sets of mutually agreeable hearing dates;
- A discovery schedule;
- A list of all anticipated motions, with filing and response due dates; and
- A determination regarding whether briefs will be submitted, and, if so, the due date for the briefs and any reply briefs.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

### 12501. Other Prehearing Conferences

(a) A prehearing conference may be scheduled upon the joint request of the parties or at the discretion of the Director. The Director will set the time and place of the prehearing conference and appoint a person to preside.

(b) At a party's request, or at the discretion of the panel, the panel may schedule one or more additional prehearing conferences regarding any outstanding preliminary matters, including:

- Discovery disputes;
- Motions;
- Witness lists and subpoenas;
- Stipulations of fact;
- Unresolved scheduling issues;
- Contested issues on which the parties will submit briefs; and
- Any other matter that will simplify or expedite the arbitration.

(c) The panel will determine the time and place of any additional prehearing conferences. Prehearing conferences will generally be held by telephone. Unless the full panel is required under Rule 12503, prehearing conferences may be held before a single arbitrator, generally the chairperson.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.

Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12502. Recording Prehearing Conferences

(a) Prehearing conferences will not be recorded unless the panel determines otherwise, either on its own initiative or upon motion of a party.

(b) If a prehearing conference is recorded, it may be recorded using any of the methods discussed under Rule 12606. The Director will provide a copy of the recording to any party upon request for a nominal fee.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12503. Motions

**(a) Motions**

(1) A party may make motions in writing, or orally during any hearing session. Before making a motion, a party must make an effort to resolve the matter that is the subject of the motion with the other parties. Every motion, whether written or oral, must include a description of the efforts made by the moving party to resolve the matter before making the motion.

(2) Written motions are not required to be in any particular form, and may take the form of a letter, legal motion, or any other form that the panel decides is acceptable. Written motions must be served directly on each other party, at the same time and in the same manner. Written motions must also be filed with the Director, with additional copies for each arbitrator, at the same time and in the same manner in which they are served on the parties.

(3) Written motions must be served at least 20 days before a scheduled hearing, unless the panel decides otherwise.

(4) Motions to amend a pleading after panel appointment pursuant to Rule 12309(b) must be accompanied by copies of the proposed amended pleading when the motion is served on the other parties and filed with the Director. If the panel grants the motion, the amended pleading does not have to be served again, unless the panel determines otherwise. If a party moves to amend a pleading to add a party, the motion must be served on all parties, including the party to be added, and the party to be added may respond to the motion in accordance with Rule 12309(c) without waiving any rights or objections under the Code.

**(b) Responding to Motions**

Parties have 10 days from the receipt of a written motion to respond to the motion, unless the moving party agrees to an extension of time, or the Director or the panel decides otherwise. Responses to written motions must be served directly on each other party, at the same time and in the same manner. Responses to written motions must also be filed with the Director, with additional copies for each arbitrator, at the same time and in the same manner in which they are served on the parties.

**(c) Replying to Responses to Motions**

Parties have 5 days from the receipt of a response to a motion to reply to the response unless the responding party agrees to an extension of time, or the Director or the panel decides otherwise. Replies to responses must be served directly on each other party, at the same time and in the same manner. Replies to responses must also be filed with the Director, with additional copies for each arbitrator, at the same time and in the same manner in which they are served on the parties.

**(d) Authority to Decide Motions**

(1) The Director decides motions relating to use of the forum under Rule 12203 and removal of an arbitrator under Rule 12407.

(2) Motions relating to combining or separating claims or arbitrations, or changing the hearing location, are decided by the Director before a panel is appointed, and by the panel after the panel is appointed.

(3) Discovery-related motions are decided by one arbitrator, generally the chairperson. The arbitrator may refer such motions to the full panel either at his or her own initiative, or at the request of a party. The arbitrator must refer motions relating to privilege to the full panel at the request of a party.

(4) Motions for arbitrator recusal under Rule 12406 are decided by the arbitrator who is the subject of the request.

(5) The full panel decides all other motions, including motions relating to the eligibility of a claim under Rule 12206, unless the Code provides or the parties agree otherwise.

Amended by SR-FINRA-2011-006 eff. June 6, 2011.
Amended by SR-FINRA-2011-007 eff. Feb. 16, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-23.

## 12504. Motions to Dismiss

**(a) Motions to Dismiss Prior to Conclusion of Case in Chief**

(1) Motions to dismiss a claim prior to the conclusion of a party's case in chief are discouraged in arbitration.

(2) Motions under this rule must be made in writing, and must be filed separately from the answer, and only after the answer is filed.

(3) Unless the parties agree or the panel determines otherwise, parties must serve motions under this rule at least 60 days before a scheduled hearing, and parties have 45 days to respond to the motion. Moving parties may reply to responses to motions. Any such reply must be made within 5 days of receipt of a response.

(4) Motions under this rule will be decided by the full panel.

(5) The panel may not grant a motion under this rule unless an in-person or telephonic prehearing conference on the motion is held or waived by the parties. Prehearing conferences to consider motions under this rule will be recorded as set forth in Rule 12606.

(6) The panel cannot act upon a motion to dismiss a party or claim under paragraph (a) of this rule, unless the panel determines that:

(A) the non-moving party previously released the claim(s) in dispute by a signed settlement agreement and/or written release; or

(B) the moving party was not associated with the account(s), security(ies), or conduct at issue.

(7) If the panel grants a motion under this rule (in whole or part), the decision must be unanimous, and must be accompanied by a written explanation.

(8) If the panel denies a motion under this rule, the moving party may not re-file the denied motion, unless specifically permitted by panel order.

(9) If the panel denies a motion under this rule, the panel must assess forum fees associated with hearings on the motion against the moving party.

(10) If the panel deems frivolous a motion filed under this rule, the panel must also award reasonable costs and attorneys' fees to any party that opposed the motion.

(11) The panel also may issue other sanctions under Rule 12212 if it determines that a party filed a motion under this rule in bad faith.

**(b) Motions to Dismiss After Conclusion of Case in Chief**

A motion to dismiss made after the conclusion of a party's case in chief is not subject to the procedures set forth in paragraph (a).

**(c) Motions to Dismiss Based on Eligibility**

A motion to dismiss based on eligibility filed under Rule 12206 will be governed by that rule.

**(d) Motions to Dismiss Based on Failure to Comply with Code or Panel Order**

A motion to dismiss based on failure to comply with any provision in the Code, or any order of the panel or single arbitrator filed under Rule 12212 will be governed by that rule.

**(e) Motions to Dismiss Based on Discovery Abuse**

A motion to dismiss based on discovery abuse filed under Rule 12511 will be governed by that rule.

Amended by SR-FINRA-2011-006 eff. June 6, 2011.
Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Adopted by SR-FINRA-2007-021 eff. Feb. 23, 2009.

**Selected Notices:** 09-07, 11-23.

## 12505. Cooperation of Parties in Discovery

The parties must cooperate to the fullest extent practicable in the exchange of documents and information to expedite the arbitration.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12506. Document Production Lists

**(a) Applicability of Document Production Lists**

When the Director serves the statement of claim, the Director will notify parties of the location of the FINRA Discovery Guide and Document Production Lists on FINRA's Web site, but will provide a copy to the parties upon request. Document Production Lists 1 and 2 describe the documents that are presumed to be discoverable in all arbitrations between a customer and a member or associated person.

**(b) Time for Responding to Document Production Lists**

(1) Unless the parties agree otherwise, within 60 days of the date that the answer to the statement of claim is due, or, for parties added by amendment or third party claim, within 60 days of the date that their answer is due, parties must either:

- Produce to all other parties all documents in their possession or control that are described in Document Production Lists 1 and 2;
- Identify and explain the reason that specific documents described in Document Production Lists 1 and 2 cannot be produced within the required time, and state when the documents will be produced; or
- Object as provided in Rule 12508.

(2) A party must act in good faith when complying with subparagraph (1) of this rule. "Good faith" means that a party must use its best efforts to produce all documents required or agreed to be produced. If a document cannot be produced in the required time, a party must establish a reasonable timeframe to produce the document.

**(c) Redacted Information**

For purposes of this rule and Rule 12507, if a party redacts any portion of a document prior to production, the redacted pages (or range of pages) shall be labeled "redacted."

Amended by SR-FINRA-2010-035 eff. May 16, 2011.
Amended by SR-FINRA-2009-041 eff. Jan. 18, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 09-74, 11-17, 13-40.

## 12507. Other Discovery Requests

**(a) Making Other Discovery Requests**

(1) Parties may also request additional documents or information from any party by serving a written request directly on the party. Requests for information are generally limited to identification of individuals, entities, and time periods related to the dispute; such requests should be reasonable in number and not require narrative answers or fact finding. Standard interrogatories are generally not permitted in arbitration.

(2) Other discovery requests may be served:

- On the claimant, or any respondent named in the initial statement of claim, 45 days or more after the Director serves the statement of claim; and

- On any party subsequently added to the arbitration, 45 days or more after the statement of claim is served on that party.

At the same time, the party must serve copies of the request on all other parties. Any request for documents or information not described in applicable Document Production Lists should be specific, and relate to the matter in controversy.

**(b) Responding to Other Discovery Requests**

(1) Unless the parties agree otherwise, within 60 days from the date a discovery request other than the Document Production Lists is received, the party receiving the request must either:

- Produce the requested documents or information to all other parties;

- Identify and explain the reason that specific requested documents or information cannot be produced within the required time, and state when the documents will be produced; or

- Object as provided in Rule 12508.

(2) A party must act in good faith when complying with subparagraph (1) of this rule. "Good faith" means that a party must use its best efforts to produce all documents or information required or agreed to be produced. If a document or information cannot be produced in the required time, a party must establish a reasonable timeframe to produce the document or information.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12508. Objecting to Discovery; Waiver of Objection

(a) If a party objects to producing any document described in Document Production Lists 1 or 2 or any document or information requested under Rule 12507, it must specifically identify which document or requested information it is objecting to and why. Objections must be in writing, and must be served on all other parties at the same time and in the same manner. Objections should not be filed with the Director. Parties must produce all applicable listed documents, or other requested documents or information not specified in the objection.

(b) Any objection not made within the required time is waived unless the panel determines that the party had substantial justification for failing to make the objection within the required time.

(c) In making any rulings on objections, arbitrators may consider the relevance of documents or discovery requests and the relevant costs and burdens to parties to produce this information.

Amended by SR-FINRA-2010-035 eff. May 16, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 11-17.

## 12509. Motions to Compel Discovery

(a) A party may make a motion asking the panel to order another party to produce documents or information if the other party has:

- Failed to comply with Rule 12506 or 12507; or

- Objected to the production of documents or information under Rule 12508.

(b) Motions to compel discovery must be made, and will be decided, in accordance with Rule 12503. Such motions must include the disputed document request or list, a copy of any objection thereto, and a description of the efforts of the moving party to resolve the issue before making the motion.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12510. Depositions

Depositions are strongly discouraged in arbitration. Upon motion of a party, the panel may permit depositions, but only under very limited circumstances, including:

- To preserve the testimony of ill or dying witnesses;

- To accommodate essential witnesses who are unable or unwilling to travel long distances for a hearing and may not otherwise be required to participate in the hearing;

- To expedite large or complex cases; and

- If the panel determines that extraordinary circumstances exist.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12511. Discovery Sanctions

(a) Failure to cooperate in the exchange of documents and information as required under the Code may result in sanctions. The panel may issue sanctions against any party in accordance with Rule 12212(a) for:

- Failing to comply with the discovery provisions of the Code, unless the panel determines that there is substantial justification for the failure to comply; or

- Frivolously objecting to the production of requested documents or information.

(b) The panel may dismiss a claim, defense or proceeding with prejudice in accordance with Rule 12212(c) for intentional and material failure to comply with a discovery order of the panel if prior warnings or sanctions have proven ineffective.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12512. Subpoenas

(a) To the fullest extent possible, parties should produce documents and make witnesses available to each other without the use of subpoenas. Arbitrators shall have the authority to issue subpoenas for the production of documents or the appearance of witnesses.

(1) Arbitrators shall have the authority to issue subpoenas for the production of documents or the appearance of witnesses.

(2) Unless circumstances dictate the need for a subpoena, arbitrators shall not issue subpoenas to non-party FINRA members and/or employees or associated persons of non-party FINRA members at the request of FINRA members and/or employees or associated persons of FINRA members. If the arbitrators determine that the request for the appearance of witnesses or the production of documents should be granted, the arbitrators should order the appearance of such persons or the production of documents from such persons or non-party FINRA members under Rule 12513.

(b) A party may make a written motion requesting that an arbitrator issue a subpoena to a party or a non-party. The motion must include a draft subpoena and must be filed with the Director, with an additional copy for the arbitrator. The requesting party must serve the motion and draft subpoena on each other party, at the same time and in the same manner as on the Director. The requesting party may not serve the motion or draft subpoena on a non-party.

(c) If a party receiving a motion and draft subpoena objects to the scope or propriety of the subpoena, that party shall, within 10 calendar days of service of the motion, file written objections with the Director, with an additional copy for the arbitrator, and shall serve copies on all other parties at the same time and in the same manner as on the Director. The party that requested the subpoena

may respond to the objections within 10 calendar days of receipt of the objections. After considering all objections, the arbitrator responsible for deciding discovery-related motions shall rule promptly on the issuance and scope of the subpoena.

(d) If the arbitrator issues a subpoena, the party that requested the subpoena must serve the subpoena at the same time and in the same manner on all parties and, if applicable, on any non-party receiving the subpoena.

(e) If a non-party receiving a subpoena objects to the scope or propriety of the subpoena, the non-party may, within 10 calendar days of service of the subpoena, file written objections with the Director. The Director shall forward a copy of the written objections to the arbitrator and all other parties. The party that requested the subpoena may respond to the objections within 10 calendar days of receipt of the objections. After considering all objections, the arbitrator responsible for issuing the subpoena shall rule promptly on the objections.

(f) Any party that receives documents in response to a subpoena served on a non-party shall provide notice to all other parties within five days of receipt of the documents. Thereafter, any party may request copies of such documents and, if such a request is made, the documents must be provided within 10 calendar days following receipt of the request.

(g) If the arbitrators issue a subpoena to a non-party FINRA member and/or any employee or associated person of a non-party FINRA member at the request of a FINRA member and/or employee or associated person of a FINRA member, the party requesting the subpoena shall pay the reasonable costs of the non-party's appearance and/or production, unless the panel directs otherwise.

Amended by SR-FINRA-2012-041 eff. Feb. 18, 2013.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 2, 2007.

**Selected Notices:** 07-07, 07-13, 08-57, 13-04.

## 12513. Authority of Panel to Direct Appearances of Associated Person Witnesses and Production of Documents Without Subpoenas

(a) Upon motion of a party, the panel may order the following without the use of subpoenas:

- The appearance of any employee or associated person of a member of FINRA; or
- The production of any documents in the possession or control of such persons or members.

(b) The motion must include a draft order and must be filed with the Director, with an additional copy for the arbitrator. The requesting party must serve the motion and draft order on each other party, at the same time and in the same manner as on the Director. The requesting party may not serve the motion or draft order on a non-party.

(c) If a party receiving a motion and draft order objects to the scope or propriety of the order, that party shall, within 10 calendar days of service of the motion, file written objections with the Director, with an additional copy for the arbitrator, and shall serve copies on all other parties at the same time and in the same manner as on the Director. The party that requested the order may respond to the objections within 10 calendar days of receipt of the objections. After considering all objections, the arbitrator responsible for deciding discovery-related motions shall rule promptly on the issuance and scope of the order.

(d) If the arbitrator issues an order, the party that requested the order must serve the order at the same time and in the same manner on all parties and, if applicable, on any non-party receiving the order.

(e) If a non-party receiving an order objects to the scope or propriety of the order, the non-party may, within 10 calendar days of service of the order, file written objections with the Director. The Director shall forward a copy of the written objections to the arbitrator and all other parties. The party that requested the order may respond to the objections within 10 calendar days of receipt of the objections. After considering all objections, the arbitrator responsible for issuing the order shall rule promptly on the objections.

(f) Any party that receives documents in response to an order served on a nonparty shall provide notice to all other parties within five days of receipt of the documents. Thereafter, any party may request copies of such documents and, if such a request is made, the documents must be provided within 10 calendar days following receipt of the request.

(g) Unless the panel directs otherwise, the party requesting the appearance of witnesses by, or the production of documents from, non-parties under this rule shall pay the reasonable costs of the appearance and/or production.

Amended by SR-FINRA-2012-041 eff. Feb 18, 2013.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 13-04.

## 12514. Prehearing Exchange of Documents and Witness Lists, and Explained Decision Requests

**(a) Documents and Other Materials**

At least 20 days before the first scheduled hearing date, all parties must provide all other parties with copies of all documents and other materials in their possession or control that they intend to use at the hearing that have not already been produced. The parties should not file the documents with the Director or the arbitrators before the hearing.

**(b) Witness Lists**

At least 20 days before the first scheduled hearing date, all parties must provide each other party with the names and business affiliations of all witnesses they intend to present at the hearing. At the same time, all parties must file their witness lists with the Director, with enough copies for each arbitrator.

**(c) Exclusion of Documents or Witnesses**

Parties may not present any documents or other materials not produced and or any witnesses not identified in accordance with this rule at the hearing, unless the panel determines that good cause exists for the failure to produce the document or identify the witness. Good cause includes the need to use documents or call witnesses for rebuttal or impeachment purposes based on developments during the hearing. Documents and lists of witnesses in defense of a claim are not considered rebuttal or impeachment information and, therefore, must be exchanged by the parties.

**(d) Explained Decision Request**

At least 20 days before the first scheduled hearing date, all parties must submit to the panel any joint request for an explained decision under Rule 12904(g).

Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Amended by SR-FINRA-2008-051 eff. Apr. 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16.

# PART VI HEARINGS; EVIDENCE; CLOSING THE RECORD

## 12600. Required Hearings

(a) Hearings will be held, unless:

- The arbitration is administered under Rule 12800 or Rule 12801;
- The parties agree otherwise in writing; or
- The arbitration has been settled, withdrawn or dismissed.

(b) The panel will decide the time and date of the hearing at the initial prehearing conference or otherwise in another manner.

(c) The Director will notify the parties of the time and place at least 20 days before the hearing begins, unless the parties agree to a shorter time.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12601. Postponement of Hearings

**(a) Postponement of Hearings**

**(1) When a Hearing Shall Be Postponed**

A hearing shall be postponed by agreement of the parties.

**(2) When a Hearing May Be Postponed**

A hearing may be postponed:

- By the Director, in extraordinary circumstances;
- By the panel, in its own discretion; or
- By the panel, upon motion of a party.

The panel may not grant a motion to postpone a hearing made within 10 days of the date that the hearing is scheduled to begin, unless the panel determines that good cause exists.

**(b) Postponement Fees**

(1) Except as otherwise provided, a postponement fee will be charged for each postponement agreed to by the parties, or granted upon request of one or more parties. The fee will equal the applicable hearing session fee under Rule 12902. The panel may allocate the fee among the party or parties that agreed to or requested the postponement. The panel may also assess part or all of any postponement fees against a party that did not request the postponement, if the panel determines that the non-requesting party caused or contributed to the need for the postponement. The panel may waive the fees.

(2) If a postponement request is made by one or more parties and granted within three business days before a scheduled hearing session, the party or parties making the request shall pay an additional fee of $100 per arbitrator. If more than one party requests the postponement, the arbitrators shall allocate the $100 per arbitrator fee among the requesting parties. The arbitrators may allocate all or portion of the $100 per arbitrator fee to the non-requesting party or parties, if the arbitrators determine that the non-requesting party or parties caused or contributed to the need for the postponement. In the event that a request results in the postponement of consecutively scheduled hearing sessions, the additional fee will be assessed only for the first of the consecutively scheduled hearing sessions. In the event that an extraordinary circumstance prevents a party or parties from making a timely postponement request, arbitrators may use their discretion to waive the fee, provided verification of such circumstance is received.

(3) No postponement fee will be charged if a hearing is postponed:

- Because the parties agree to submit the matter to mediation administered through FINRA, except that the parties shall pay the additional fees described in Rule 12601(b)(2) for late postponement requests;
- By the panel in its own discretion; or
- By the Director in extraordinary circumstances.

**(c) Dismissal of Arbitration Due to Multiple Postponements**

If all parties jointly request, or agree to, more than two postponements, the panel may dismiss the arbitration without prejudice.

Amended by SR-FINRA-2009-075 eff. May 3, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 10-16.

## 12602. Attendance at Hearings

(a) The parties and their representatives are entitled to attend all hearings. Absent persuasive reasons to the contrary, expert witnesses should be permitted to attend all hearings.

(b) An attorney for a non-party witness may attend a hearing while that non-party witness is testifying. Unless otherwise authorized by the panel, the attorney's role is limited to the assertion of recognized privileges, such as the attorney client and work product privileges, and the privilege against self-incrimination. The attorney must be in good standing and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States, unless state law prohibits such representation.

(c) The panel will decide who else may attend any or all of the hearings.

Amended by SR-FINRA-2010-006 eff. Oct. 14, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 10-40.

## 12603. Failure to Appear

If a party fails to appear at a hearing after having been notified of the time, date and place of the hearing, the panel may determine that the hearing may go forward, and may render an award as though all parties had been present.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12604. Evidence

(a) The panel will decide what evidence to admit. The panel is not required to follow state or federal rules of evidence.

(b) Production of documents in discovery does not create a presumption that the documents are admissible at the hearing. A party may state objections to the introduction of any document as evidence at the hearing to the same extent that any other objection may be raised in arbitration.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12605. Witness Oath

All witnesses must testify under oath or affirmation.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12606. Record of Proceedings

**(a) Tape, Digital, or Other Recording**

(1) Except as provided in paragraph (b), the Director will make a tape, digital, or other recording of every hearing. The Director will provide a copy of the recording to any party upon request for a nominal fee.

(2) The panel may order the parties to provide a transcription of the recording. If the panel orders a transcription, copies of the transcription must be provided to each arbitrator and each party. The panel will determine which party or parties must pay the cost of making the transcription and copies.

(3) The recording is the official record of the proceeding, even if it is transcribed.

**(b) Stenographic Record**

(1) Any party may make a stenographic record of the hearing. Even if a stenographic record is made, the tape, digital, or other recording will be the official record of the proceeding, unless the panel determines otherwise. If the panel determines in advance that the stenographic record will be the official record, the Director will not record the hearing.

(2) If the stenographic record is the official record of the proceeding, a copy must be provided to the Director, each arbitrator, and each other party. The cost of making and copying the stenographic record will be borne by the party electing to make the stenographic record, unless the panel decides that one or more other parties should bear all or part of the costs.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12607. Order of Presentation of Evidence and Arguments

Generally, the claimant shall present its case, followed by the respondent's defense. The panel has the discretion to vary the order in which the hearing is conducted, provided that each party is given a fair opportunity to present its case.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.

Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

### 12608. Closing the Record

(a) The panel will decide when the record is closed. Once the record is closed, no further submissions will be accepted from any party.

(b) In cases in which no hearing is held, the record is presumed to be closed when the Director sends the pleadings to the panel, unless the panel requests, or agrees to accept, additional submissions from any party. If so, the record is presumed to be closed when the last such submission is due.

(c) In cases in which a hearing is held, the panel will generally close the record at the end of the last hearing session, unless the panel requests, or agrees to accept, additional submissions from any party. If so, the panel will inform the parties when the submissions are due and when the record will close.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

### 12609. Reopening the Record

The panel may reopen the record on its own initiative or upon motion of any party at any time before the award is rendered, unless prohibited by applicable law.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## PART VII TERMINATION OF AN ARBITRATION BEFORE AWARD

### 12700. Dismissal of Proceedings Prior to Award

(a) The panel must dismiss an arbitration or a claim at the joint request of the parties to that arbitration or claim. The dismissal will be with or without prejudice, depending on the request of the parties.

(b) The panel may dismiss a claim or an arbitration:

- Upon motion of a party under Rule 12206; or
- On its own initiative under Rule 12212(c) or Rule 12601(c).

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

### 12701. Settlement

(a) Parties to an arbitration may agree to settle their dispute at any time. Parties who settle must notify the Director. The Director will continue to administer the arbitration, and fees may continue to accrue, until the Director receives written notice of the settlement. The parties do not need to disclose the terms of the settlement agreement to the Director or to FINRA Dispute Resolution, but members and associated persons may have reporting obligations under the rules of FINRA.

(b) Settling parties will remain responsible for fees incurred under the Code. If parties to a settlement fail to agree on the allocation of any outstanding fees, those fees will be divided equally among the settling parties, except member surcharges and prehearing and hearing process fees required by the Code, which will remain the responsibility of the member party or parties.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12702. Withdrawal of Claims

(a) Before a claim has been answered by a party, the claimant may withdraw the claim against that party with or without prejudice.

(b) After a claim has been answered by a party, the claimant may only withdraw it against that party with prejudice unless the panel decides, or the claimant and that party agree, otherwise.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## PART VIII SIMPLIFIED ARBITRATION AND DEFAULT PROCEEDINGS

## 12800. Simplified Arbitration

**(a) Applicability of Rule**

This rule applies to arbitrations involving $50,000 or less, exclusive of interest and expenses. Except as otherwise provided in this rule, all provisions of the Code apply to such arbitrations.

**(b) Single Arbitrator**

All arbitrations administered under this rule will be decided by a single public arbitrator appointed from the FINRA chairperson roster in accordance with the Neutral List Selection System, unless the parties agree in writing otherwise.

**(c) Hearings**

(1) No hearing will be held in arbitrations administered under this rule unless the customer requests a hearing.

(2) If no hearing is held, no initial prehearing conference or other prehearing conference will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties. If a hearing is held, the regular provisions of the Code relating to prehearings and hearings, including fee provisions, will apply.

**(d) Discovery and Additional Evidence**

(1) Document Production Lists, described in Rule 12506, do not apply to arbitrations subject to this rule. However, the arbitrator may, in his or her discretion, choose to use relevant portions of the Document Production Lists in a manner consistent with the expedited nature of simplified proceedings.

(2) The parties may request documents and other information from each other. All requests for the production of documents and other information must be served on all other parties, and filed with the Director, within 30 days from the date that the last answer is due. Any response or objection to a discovery request must be served on all other parties and filed with the Director within 10 days of the receipt of the requests. The arbitrator will resolve any discovery disputes.

**(e) Increases in Amount in Dispute**

If any pleading increases the amount in dispute to more than $50,000, the arbitration will no longer be administered under this rule, and the regular provisions of the Code will apply. If an arbitrator has been appointed, that arbitrator will remain on the panel. If a three-arbitrator panel is required or requested under Rule 12401, the remaining arbitrators will be appointed by the Director in accordance with Rule 12403. . .. If no arbitrator has been appointed, the entire panel will be appointed in accordance with the Neutral List Selection System.

**(f) Arbitrator Honoraria**

FINRA will pay the arbitrator an honorarium of $350 for each arbitration administered under this rule.

Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2013-023 eff. Sep. 30, 2013.
Amended by SR-FINRA-2012-012 eff. July 23, 2012.
Amended by SR-FINRA-2011-007 eff. Feb. 16, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 12-30, 13-30, 14-49.

## 12801. Default Proceedings

**(a) Applicability of Rule**

A claimant may request default proceedings against any respondent that falls within one of the following categories and fails to file an answer within the time provided by the Code.

- A member whose membership has been terminated, suspended, canceled, or revoked;
- A member that has been expelled from the FINRA;
- A member that is otherwise defunct; or
- An associated person whose registration is terminated, revoked, or suspended.

**(b) Initiating Default Proceedings**

(1) To initiate default proceedings against one or more respondents that fail to file a timely answer, the claimant must notify the Director in writing and must send a copy of the notification to all other parties at the same time and in the same manner as the notification was sent to the Director. If there is more than one claimant, all claimants must agree in writing to proceed under this rule against a defaulting respondent before this rule may be used.

(2) If the Director receives written notice from the claimant and determines that the requirements for proceeding under this rule have been met, the Director will:

- Notify all parties that the claim against the defaulting respondent will proceed under this rule; and
- Appoint a single arbitrator in accordance with the Neutral List Selection System to consider the statement of claim and other documents presented by the claimant.

**(c) Hearings**

No hearing shall be held. The arbitrator may request additional information from the claimant before rendering an award.

**(d) Amendments to Increase Relief Requested**

Claimants may not amend a claim to increase the relief requested from the defaulting respondent after the Director has notified the parties that the claim will proceed under this rule.

**(e) Awards**

(1) The arbitrator may not issue an award based solely on the nonappearance of a party. Claimants must present a sufficient basis to support the making of an award. The arbitrator may not award damages in an amount greater than the damages requested in the statement of claim, and may not award any other relief that was not requested in the statement of claim.

(2) The default award shall have no effect on any non-defaulting party.

**(f) Respondent's Answer**

If a defaulting respondent files an answer after the Director has notified the parties that the claim against that respondent will proceed under this rule but before an award has been issued, the proceedings against that respondent under this rule will be terminated and the claim against that respondent will proceed under the regular provisions in the Code.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

## 12805. Expungement of Customer Dispute Information under Rule 2080

In order to grant expungement of customer dispute information under Rule 2080, the panel must:

(a) Hold a recorded hearing session (by telephone or in person) regarding the appropriateness of expungement. This paragraph will apply to cases administered under Rule 12800 even if a customer did not request a hearing on the merits.

(b) In cases involving settlements, review settlement documents and consider the amount of payments made to any party and any other terms and conditions of a settlement.

(c) Indicate in the arbitration award which of the Rule 2080 grounds for expungement serve(s) as the basis for its expungement order and provide a brief written explanation of the reason(s) for its finding that one or more Rule 2080 grounds for expungement applies to the facts of the case.

(d) Assess all forum fees for hearing sessions in which the sole topic is the determination of the appropriateness of expungement against the parties requesting expungement relief.

Amended by SR-FINRA-2009-046 eff. Aug. 17, 2009.
Adopted by FINRA-2008-010 and amended by FINRA-2008-063 eff. Dec. 15, 2008.

**Selected Notice:** 08-79.

## PART IX FEES AND AWARDS

## 12900. Fees Due When a Claim Is Filed

**(a) Fees for Claims Filed by Customers, Associated Persons and Other Non-Members**

(1) Customers, associated persons, and other non-members who file a claim, counterclaim, cross claim or third party claim must pay a filing fee in the amount indicated in the schedule below. The Director may defer payment of all or part of the filing fee on a showing of financial hardship. If payment of the fee is not deferred, failure to pay the required amount will result in a deficiency under Rule 12307.

**Filing Fees for Claims Filed by Customers, Associated Persons, and Other Non-Members**

| Amount of Claim (exclusive of interest and expenses) | Filing Fee |
|---|---|
| $.01 to $1,000 | $50 |
| $1,000.01 to $2,500 | $75 |
| $2,500.01 to $5,000 | $175 |
| $5,000.01 to $10,000 | $325 |
| $10,000.01 to $25,000 | $425 |
| $25,000.01 to $50,000 | $600 |
| $50,000.01 to $100,000 | $975 |
| $100,000.01 to $500,000 | $1,425 |
| $500,000.01 to $1,000,000 | $1,725 |
| $1,000,000.01 to $5,000,000 | $2,000 |
| Over $5,000,000 | $2,250 |
| Non-Monetary/Not Specified | $1,575 |

(2) If the claim does not request or specify money damages, the Director may determine that the filing fee should be more or less than the amount specified in the schedule above, but in any event, the amount of the filing fee may not be less than $50 or more than $2,250.

**(b) Fees for Claims Filed by Members**

(1) Members filing a claim, counterclaim, cross claim, or third party claim must pay a filing fee in the amount indicated in the schedule below. Failure to pay the required amount will result in a deficiency under Rule 12307.

**Fees for Claims Filed by Members**

| **Amount of Claim (exclusive of interest and expenses)** | **Filing Fee** |
|---|---|
| $.01 to $1,000 | $225 |
| $1,000.01 to $2,500 | $350 |
| $2,500.01 to $5,000 | $525 |
| $5,000.01 to $10,000 | $750 |
| $10,000.01 to $25,000 | $1,050 |
| $25,000.01 to $50,000 | $1,450 |
| $50,000.01 to $100,000 | $1,750 |
| $100,000.01 to $500,000 | $2,125 |
| $500,000.01 to $1,000,000 | $2,550 |
| $1,000,000.01 to $5,000,000 | $3,400 |
| Over $5,000,000 | $4,000 |
| Non-Monetary/Not Specified | $1,700 |

(2) If the claim does not request or specify money damages, the Director may determine that the filing fee should be more or less than the amount specified in the schedule above, but in any event, the filing fee may not be less than $225 or more than $4,000.

**(c) Partial Refund of Filing Fee**

(1) If a claim is settled or withdrawn more than 10 days before the date that the hearing on the merits under Rule 12600 is scheduled to begin, a party paying a filing fee will receive a partial refund of the filing fee in the amount indicated in the schedule below, less any other fees or costs assessed against the party under the Code, including any hearing session fees assessed under Rule 12902. No refund will be paid if FINRA receives notice that a claim is settled or withdrawn within 10 days of the date that the hearing on the merits under Rule 12600 is scheduled to begin.

**Partial Refund for Settlement or Withdrawal More Than 10 Days Before Hearing on the Merits**

| **Amount of Claim (exclusive of interest and expenses)** | **Refund** |
|---|---|
| $.01 to $1,000 | $25 |
| $1,000.01 to $2,500 | $50 |
| $2,500.01 to $5,000 | $125 |
| $5,000.01 to $10,000 | $250 |
| $10,000.01 to $25,000 | $300 |
| $25,000.01 to $50,000 | $450 |
| $50,000.01 to $100,000 | $750 |
| $100,000.01 to $500,000 | $1,125 |
| $500,000.01 to $1,000,000 | $1,300 |
| $1,000,000.01 to $5,000,000 | $1,400 |
| Over $5,000,000 | $1,500 |
| Non-Monetary/Not specified | $1,200 |

(2) If the claim does not request or specify money damages, and the Director determines that the hearing session fee

should be a different amount than the amount specified in the schedule in Rule 12902, the amount of the refund will be the amount of the hearing session fee determined by the Director, less any fees or costs assessed against the party under the Code, including any hearing session fees assessed under Rule 12902.

**(d) Reimbursement of Filing Fees**

In the award, the panel may order a party to reimburse another party for all or part of any filing fee paid.

Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 14-49.

## 12901. Member Surcharge

**(a) Member Surcharge**

(1) A surcharge in the amount indicated in the schedule below will be assessed against each member that:

- Files a claim, counterclaim, cross claim, or third party claim under the Code;
- Is named as a respondent in a claim, counterclaim, cross claim, or third party claim filed and served under the Code; or
- Employed, at the time the dispute arose, an associated person who is named as a respondent in a claim, counterclaim, cross claim, or third party claim filed and served under the Code.

**Member Surcharge**

| Amount of Claim (exclusive of interest and expenses) | Surcharge |
|---|---|
| $.01 to $5,000 | $150 |
| $5,000.01–$10,000 | $325 |
| $10,000.01–$25,000 | $450 |
| $25,000.01–$50,000 | $750 |
| $50,000.01–$100,000 | $1,100 |
| $100,000.01–$250,000 | $1,700 |
| $250,000.01 to $500,000 | $1,900 |
| $500,000.01–$1,000,000 | $2,475 |
| $1,000,000.01–$5,000,000 | $3,025 |
| $5,000,000.01–$10,000,000 | $3,600 |
| Over $10,000,000 | $4,025 |
| Non-Monetary/Not Specified | $1,900 |

(2) If the claim does not request or specify money damages, the Director may determine that the member surcharge should be more or less than the amount specified in the schedule above, but in any event the amount of the member surcharge may not be less than $150 or more than $4,025.

(3) If the claim is filed by the member, the surcharge is due when the claim is filed. If the claim is filed against the member, or against an associated person employed by the member at the time of the events giving rise to the dispute, the surcharge is due when the claim is served in accordance with Rule 12300.

(4) No member shall be assessed more than a single surcharge in any arbitration. The panel may not reallocate a surcharge paid by a member to any other party.

**(b) Refund of Member Surcharge**

(1) The Director will refund the surcharge paid by a member in an arbitration filed by a customer if the panel:

- Denies all of a customer's claims against the member or associated person; and
- Allocates all fees assessed pursuant to Rule 12902(a) against the customer.

(2) The Director may also refund or waive the member surcharge in extraordinary circumstances.

Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 14-49.

## 12902. Hearing Session Fees, and Other Costs and Expenses

**(a) Hearing Session Fees**

(1) Hearing session fees will be charged for each hearing session. The total amount chargeable to the parties for each hearing session is based on the amount in dispute, as specified in the schedule below. In the award, the panel will determine the amount of each hearing session fee that each party must pay.

**Hearing Session Fees**

| **Amount of Claim** (exclusive of interest and expenses) | **Hearing Session W/ One Arbitrator** | **Hearing Session W/ Three Arbitrators** |
|---|---|---|
| Up to $2,500 | $50 | N/A |
| $2,500.01 to $5,000 | $125 | N/A |
| $5,000.01 to $10,000 | $250 | N/A |
| $10,000.01 to $25,000 | $450 | N/A |
| $25,000.01 to $50,000 | $450 | $600 |
| $50,000.01 to $100,000 | $450 | $750 |
| $100,000.01 to $500,000 | $450 | $1,125 |
| $500,000.01 to $1,000,000 | $450 | $1,300 |
| $1,000,000.01 to $5,000,000 | $450 | $1,400 |
| Over $5,000,000 | $450 | $1,500 |
| Non-Monetary / Not Specified | $450 | $1,125 |

(2) If the claim does not request or specify money damages, the Director may determine that the hearing session fee should be more or less than the amount specified in the schedule above, but in any event the hearing session fee shall not be less than $50 or more than $1,500 for each hearing session.

(3) If there is more than one claim in a proceeding, the amount of hearing session fees will be based on the largest claim in the proceeding. If any claims are joined or combined under Rules 12312, 12313, or 12314, the amount of those claims will be aggregated and they will be treated as one claim for purposes of this paragraph.

(4) If hearing session fees are allocated against a customer in connection with a claim filed by a member or associated person, the amount of hearing session fees the customer must pay must be based on the amount actually awarded to the member or associated person, rather than on the amount claimed by the member or associated person. No hearing session fees may be assessed against a customer in connection with a claim filed by a member that is dismissed; however, in cases where there is also a customer claim, the customer may be assessed a filing fee under Rule 12900(a), and may be subject to hearing session fees.

**(b) Payment of Hearing Session Fees**

(1) The panel may assess the hearing session fees in the award, or may require the parties to pay hearing session fees during the course of the arbitration. The total amount that the panel may require the parties to pay for each hearing session during the course of an arbitration may not exceed the total amount chargeable to the parties for each hearing session under the schedule to paragraph (a) of this rule.

(2) Any interim hearing session fee payments made by a party under this rule will be deducted from the total amount of hearing session fees assessed against that party in the award. If the amount of interim payments is more than the amount assessed against the party in the award, the balance will be refunded to that party.

(3) In the award, the amount of one hearing session fee will be deducted from the total amount of hearing session fees assessed against the party who paid the filing fee. If this amount is more than any fees, costs, and expenses assessed against this party under the Code, the balance will be refunded to the party.

**(c) Assessment of Other Costs and Expenses in Award**

In its award, the panel must also determine the amount of any costs and expenses incurred by the parties under the Code or that are within the scope of the agreement of the parties, and which party or parties will pay those costs and expenses.

**(d) Assessment of Hearing Session Fees, Costs, and Expenses in Case of Settlement or Withdrawal**

If a claim is settled or withdrawn:

- The parties will be subject to an assessment of hearing session fees for hearing sessions already held.
- If FINRA receives a settlement or withdrawal notice 10 days or fewer prior to the date that the hearing on the merits under Rule 12600 is scheduled to begin, parties that paid a filing fee under Rule 12900 will not be entitled to any refund of the filing fee.
- The parties will also be responsible for any fee or costs incurred under Rules 12502, 12513, 12601, or 12606 in connection with such hearings. If a case is settled or withdrawn and the parties' agreement fails to allocate such fees and costs, the fees and costs will be allocated as provided by Rule 12701(b).

**(e) Refund Payments**

Any refunds of fees or costs incurred under the Code will be paid directly to the named parties, even if a non-party made a payment on behalf of the named parties.

Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2009-075 eff. May 3, 2010.
Amended by SR-FINRA-2009-041 eff. Jan. 18, 2010.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 09-74, 10-16, 14-49.

## 12903. Process Fees Paid by Members

(a) Each member that is a party to an arbitration in which more than $25,000, exclusive of interest and expenses, is in dispute must pay a non-refundable process fee, due at the time the parties are sent arbitrator lists in accordance with Rule 12402(c) or Rule 12403(b), as set forth in the schedule below.

**Process Fee Schedule**

| Amount of Claim (exclusive of interest and expenses) | Process Fee |
|---|---|
| $.01–$25,000 | $ 0 |
| $25,000.01–$50,000 | $1,750 |
| $50,000.01–$100,000 | $2,250 |
| $100,000.01–$250,000 | $3,250 |
| $250,000.01–$500,000 | $3,750 |
| $500,000.01–$1,000,000 | $5,075 |

| | |
|---|---|
| $1,000,000.01–$5,000,000 | $6,175 |
| $5,000,000.01–$10,000,000 | $6,800 |
| Over $10,000,000 | $7,000 |
| Non-Monetary/Not Specified | $3,750 |

(b) If an associated person of a member is a party, the member that employed the associated person at the time the dispute arose will be charged the process fees, even if the member is not a party. No member shall be assessed more than one process fee in any arbitration.

(c) The panel may not reallocate to any other party any process fees paid by a member.

Amended by SR-FINRA-2014-026 eff. Dec. 15, 2014.
Amended by SR-FINRA-2013-023 eff. Sep. 30, 2013.
Amended by SR-FINRA-2011-007 eff. Feb. 16, 2011.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 13-30, 14-49.

## 12904. Awards

(a) All awards shall be in writing and signed by a majority of the arbitrators or as required by applicable law. Such awards may be entered as a judgment in any court of competent jurisdiction.

(b) Unless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal.

(c) The Director will serve a copy of the award on each party, or the representative of the party. The Director will serve the award by using any method available and convenient to the parties and the Director, and that is reasonably expected to cause the award to be delivered to all parties, or their representative, on the same day. Methods the Director may use include, but are not limited to, first class, registered or certified mail, hand delivery, and facsimile or other electronic transmission.

(d) The panel shall endeavor to render an award within 30 business days from the date the record is closed.

(e) The award shall contain the following:

- The names of the parties;
- The name of the parties' representatives, if any;
- An acknowledgement by the arbitrators that they have each read the pleadings and other materials filed by the parties;
- A summary of the issues, including the type(s) of any security or product, in controversy;
- The damages and other relief requested;
- The damages and other relief awarded;
- A statement of any other issues resolved;
- The allocation of forum fees and any other fees allocable by the panel;
- The names of the arbitrators;
- The dates the claim was filed and the award rendered;
- The number and dates of hearing sessions;
- The location of the hearings; and
- The signatures of the arbitrators.

(f) The award may contain a rationale underlying the award.

(g) Explained Decisions

(1) This paragraph (g) applies only when all parties jointly request an explained decision.

(2) An explained decision is a fact-based award stating the general reason(s) for the arbitrators' decision. Inclusion of legal authorities and damage calculations is not required.

(3) Parties must make any request for an explained decision no later than the time for the prehearing exchange of documents and witness lists under Rule 12514(d).

(4) The chairperson of the panel will be responsible for writing the explained decision.

(5) The chairperson will receive an additional honorarium of $400 for writing the explained decision, as required by this paragraph (g). The panel will allocate the cost of the chairperson's honorarium to the parties as part of the final award.

(6) This paragraph (g) will not apply to simplified cases decided without a hearing under Rule 12800 or to default cases conducted under Rule 12801.

(h) All awards shall be made publicly available.

(i) Fees and assessments imposed by the arbitrators under the Code shall be paid immediately upon the receipt of the award by the parties. Payment of such fees shall not be deemed ratification of the award by the parties.

(j) All monetary awards shall be paid within 30 days of receipt unless a motion to vacate has been filed with a court of competent jurisdiction. An award shall bear interest from the date of the award:

- If not paid within 30 days of receipt;

- If the award is the subject of a motion to vacate which is denied; or

- As specified by the panel in the award.

Interest shall be assessed at the legal rate, if any, then prevailing in the state where the award was rendered, or at a rate set by the arbitrator(s).

Amended by SR-FINRA-2009-026 eff. Apr. 17, 2009.
Amended by SR-FINRA-2008-051 eff. Apr. 13, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2003-158 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-16.

## 12905. Submissions After a Case Has Closed

(a) Parties may not submit documents to arbitrator(s) in cases that have been closed except under the following limited circumstances:

(1) as ordered by a court;

(2) at the request of any party within 10 days of service of an award or notice that a matter has been closed, for typographical or computational errors, or mistakes in the description of any person or property referred to in the award; or

(3) if all parties agree and submit documents within 10 days of (1) service of an award or (2) notice that a matter has been closed.

(b) Parties must make requests under this rule in writing to the Director and must include the basis relied on under this rule for the request. The Director will forward documents submitted pursuant to paragraph (a)(1), along with any responses from other parties, to the arbitrators. The Director will determine if submissions made pursuant to paragraphs (a)(2) and (a)(3) comply with the grounds enumerated in the rule. If the Director determines that the request complies with paragraphs (a)(2) and (a)(3), the Director will forward the documents, along with any responses from other parties, to the arbitrators. The arbitrators may decline to consider requests that the Director forwards to them under paragraphs (a)(2) and (a)(3).

(c) Unless the arbitrators rule within 10 days after the Director forwards the documents to the arbitrators pursuant to a request made under paragraphs (a)(2) and (a)(3), the request shall be deemed considered and denied.

(d) Requests under this rule do not extend the time period for payment of any award pursuant to Rule 12904.

Amended by SR-FINRA-2008-057 eff. Dec. 15, 2008.
Adopted by SR-FINRA-2008-005 eff. Nov. 24, 2008.

**Selected Notice:** 08-62.

# EXHIBIT B



Financial Industry Regulatory Authority

RECEIVED
JUN 10 2014
OFFICE OF THE GENERAL COUNSEL
S. I. P. C.

TO: Joan Anne Perry

CC: Hemant Sharma, Esq.

From: Lisa D. Lasher
Senior Case Administrator

Subject: FINRA Dispute Resolution Arbitration Number 14-01691
Securities Investor Protection Corporation vs. Joan Anne Perry and Take Charge Financial

Date: June 5, 2014

FINRA sponsors a forum for securities dispute resolution. Our arbitration program administers claims involving customers of brokerage firms and disputes between brokerage firms and their employees. Arbitration is a method of having a dispute between two or more parties resolved by impartial persons. Any type of dispute, claim, or controversy arising out of business dealings with any FINRA firm or registered person can be resolved in arbitration.

You have been named as a party in this arbitration, which the claimant(s) filed on **May 29, 2014**. Enclosed is a copy of the Statement of Claim filed by the claimant(s). You are required by FINRA rules to arbitrate this dispute.

This office administers arbitration cases according to the FINRA Codes of Arbitration Procedure (Codes). The Codes are separated into three parts: the Customer Code, the Industry Code, and the Mediation Code. The most up-to-date version of the Codes can be accessed or downloaded from our Web site at www.finra.org. In addition, our Web site provides various resources for parties, including the *Party's Reference Guide* which includes important information about the arbitration process. In addition, there is a short video on FINRA's Web site showing what to expect during the FINRA arbitration process (go to www.finra.org, click on the link to *Arbitration and Mediation*, and then click *Resources for Parties*). If you do not have access to the Internet, you may call our office to request a copy of arbitration materials.

**Filing a Statement of Answer**

You are required, on or before **July 25, 2014**, to directly serve each party with a signed and dated submission agreement (form enclosed) and answer to the statement of claim specifying the relevant facts and available defenses to the statement of claim. At the same time that the answer to the statement of claim is served on the other parties, you must file with FINRA an original and three copies of the following: the submission agreement, the answer to the statement of claim, and any additional documents submitted with your answer. Please send these documents and all other subsequent correspondence to the attention of the undersigned. In your submission, you should also establish proof of service on the other parties to this matter, which is a signed statement indicating the date, time, and manner of service.

Dispute Resolution
Southeast Regional Office
Boca Center Tower 1
5200 Town Center Circle
Suite 200
Boca Raton, FL
33486-1015
t 561 416 0277
f 301 527 4868
www.finra.org

Rule 12308 of the *Customer Code* and Rule 13308 of the *Industry Code* provide that, if you do not answer within the time period specified above, the panel may, upon motion, bar you from presenting any defenses or facts at the hearing, unless the time to answer was extended in accordance with the Codes. In addition, if you answer a claim that alleges specific facts and contentions with a general denial, or fail to include defenses or relevant facts in your answer that were known to you at the time the answer was filed, the panel may bar you from presenting the omitted defenses or facts at the hearing.

With the claimant's written consent, you may obtain extensions of time to answer. In accordance with Rule 12207 of the *Customer Code* and Rule 13207 of the *Industry Code*, FINRA staff will not grant you an extension of time to answer, except upon a showing of good cause. If the claimant agrees to extend your time to file your answer, please notify FINRA in writing of the new deadline for filing your answer. You should also send a copy of that notice to the claimant and all other parties.

If you receive an amended statement of claim you should review Rule 12310 of the *Customer Code* or Rule 13310 of the *Industry Code* to determine your time to file a response to the amendment.

**CRD Reporting Obligations for Registered Representatives**

Article V, Section 2(c) of the FINRA By-Laws provides that registered representatives must keep their CRD registration current. Therefore, you are advised to review the Form U4 to determine if disclosure of this matter is required. If so, your failure to update your registration application may result in the filing of a formal complaint based on any omission. Any questions regarding this disclosure requirement should be directed to the FINRA Member Services Phone Center at (301) 590-6500.

**Filing Other Claims**

The answer to the statement of claim may include any counterclaims against the claimant, cross claims against other respondents, or third party claims, specifying all relevant facts and remedies requested, as well as any additional documents supporting such claim. When serving a third party claim, you must provide each new respondent with copies of all documents previously served by any party, or sent to the parties by FINRA. If the answer to the statement of claim contains any counterclaims, cross claims or third party claims, you must pay all required filing fees at the time of filing. Parties may pay filing fees for counterclaims, cross claims or third party claims by check or money order payable to "FINRA Dispute Resolution" and should mail payments to the FINRA Dispute Resolution Regional Office administering the case. Please write the name of the counterclaimant, cross claimant or third party claimant and case number on the check or money order.

**Hearing Location**

For customer disputes, Rule 12213 of the *Customer Code* provides that FINRA will generally select the hearing location closest to the customer's residence at the time the dispute arose, unless the customer requests in his/her initial filing a hearing location in the customer's state of residence at the time the dispute arose.

For industry disputes, Rule 13213 of the *Industry Code* provides that FINRA will generally select the hearing location that is closest to the location where the associated person was employed at the time the dispute arose. In industry disputes involving FINRA firms only, unless the firms are located in the same city, FINRA will consider a number of factors when deciding the hearing location. These include the following:

- signed agreements to arbitrate;
- who initiated the transactions or business at issue; and
- location of essential witnesses and documents.

If all parties in any arbitration agree to a hearing location, FINRA ordinarily will select that hearing location.

FINRA has selected **Washington, D.C.** as the hearing location for this case. FINRA will consider changing the hearing location upon motion of a party. After the panel is appointed, however, the panel will decide any motion relating to changing the hearing location.

**Number of Arbitrators**

Rule 12401 of the *Customer Code* and Rule 13401 of the *Industry Code* provide that one arbitrator will decide this case if the amount of the claim is $100,000 or less, exclusive of interest and expenses, unless all parties agree in writing to three arbitrators. If this claim is more than $100,000 or for an unspecified or non-monetary amount, a panel of three arbitrators will be selected to decide the case, unless all parties agree in writing to the appointment of a single arbitrator to decide the case.

There are several benefits to the appointment of a single arbitrator, including: 1) reduced hearing session fees because hearings sessions with one arbitrator cost substantially less than hearing sessions with three arbitrators ($450 per hearing session versus $1,200 per hearing session in cases with over $500,000 in damages), 2) reduced fees for other events such as initial pre-hearing conferences, other pre-hearings, and postponements, 3) reduced case processing times because single arbitrators do not need to coordinate their calendars with co-panelists to schedule a hearing, 4) reduced party effort in the arbitrator selection process because parties will receive one list of 10 names from which to choose their arbitrator, rather than three lists of 10 names each (i.e., parties will only need to research the disclosures and histories of 10 proposed arbitrators instead of 30), 5) reduced costs for photocopying pleadings and exhibits (by two-thirds), and 6) less likelihood of last minute changes in hearing dates because of arbitrator scheduling issues.

**Representation of Parties**

Rule 12208 of the *Customer Code* and Rule 13208 of the *Industry Code* provide that parties may represent themselves or may be represented by an attorney admitted to practice and in good standing in any jurisdiction. A party may be represented by a non-attorney, unless state law prohibits such representation, the person is currently suspended or barred from the securities industry in any capacity, or the person is currently suspended from the practice of law or disbarred.

**Discovery**

Rule 12505 of the *Customer Code* and Rule 13505 of the *Industry Code* provide that parties must cooperate to the fullest extent practicable in the exchange of documents and information

to expedite the arbitration. Parties in customer cases should carefully review the *FINRA Discovery Guide* and *Document Production Lists*, which can be downloaded from our Web site at www.finra.org. Upon request, FINRA will provide the parties with a copy of the *Discovery Guide* and *Document Production Lists*. Document Production Lists 1 and 2 describe the documents that are presumed to be discoverable in all arbitrations between a customer and a firm or registered person. Parties should not file with FINRA copies of correspondence relating to the exchange of documents and information, except as provided below.

## Motions

As explained in Rule 12503 of the *Customer Code* and Rule 13503 of the *Industry Code*, written motions are not required to be in any particular form. Motions may take the form of a letter, legal motion, or any other form that the panel decides is acceptable. Motions include all requests to the arbitrators or the Director of Arbitration, including challenges for cause and recusal requests. Any written request to the arbitrators or the Director of Arbitration will be treated as a motion even when it is not expressly labeled as a motion by a party. Written motions must be served directly on all other parties, at the same time and in the same manner. Written motions must also be filed with the FINRA staff member assigned to your case, with additional copies for each arbitrator, at the same time and in the same manner in which they are served on the parties. Responses to written motions must be served directly on each other party, at the same time and in the same manner. Responses to written motions must also be filed with the FINRA staff member assigned to your case, with an additional copy for the arbitrator, at the same time and in the same manner in which they are served on the parties.

## Motion Response Deadlines

**Generally**. Under Rule 12503 of the *Customer Code* and Rule 13503 of the *Industry Code*, parties have 10 days from the receipt of a written motion to respond to the motion, unless the moving party agrees to an extension of time, or the panel decides otherwise. Parties have 5 days from the receipt of a response to a motion to reply to the response unless the responding party agrees to an extension of time, or the Director or the panel decides otherwise.

**Subpoenas**. Under Rule 12512 of the *Customer Code* and Rule 13512 of the *Industry Code*, parties have 10 calendar days from the receipt of a motion requesting that an arbitrator issue a subpoena to file a response, and moving parties have 10 calendar days from receipt of the response to submit a reply.

**Motions to Dismiss**. Motions to dismiss have different response deadlines. Parties should review Rules 12206(b) and 12504 of the *Customer Code* and Rules 13206(b) and 13504 of the *Industry Code* for the applicable response deadlines.

## Motions to Dismiss

Rule 12504 of the *Customer Code* and Rule 13504 of the *Industry Code* limit significantly the filing of motions to dismiss in the arbitration forum and impose strict sanctions against parties who engage in abusive motion practices. These rules specify the following three limited grounds on which a motion to dismiss may be granted before a claimant finishes presenting his/her case: 1) the non-moving party signed a settlement and release; 2) the moving party was not associated with the account, security, or conduct at issue; or 3) the claim does not meet the criteria of the eligibility rule (contained in *Customer Code* Rule 12206 and *Industry Code* Rule 13206).

**Fees**

Any time a fee is assessed to you during the case, you will receive an invoice that reflects the fee assessed. At the conclusion of the case, you will receive a Statement of Account that reflects the fees assessed and any outstanding balance or refund due. Fees are due and payable to FINRA Dispute Resolution upon receipt of an invoice and should be sent to the address specified on the invoice. All questions regarding the assessment of fees should be directed to the regional office administering your case. All questions regarding the payment of fees and refunds should be directed to FINRA Finance at (240) 386-5910.

In the event multiple parties file a claim, and a single party pays the filing fees on behalf of the other filing parties, FINRA will credit the paying party the amount of the payment. In the event the parties' representative or non-party pays the filing fee on behalf of all the filing parties, FINRA will credit the first named party in the claim the amount of the payment.

At the conclusion of the case, FINRA will use the filing fee funds to pay fees owed by any of the parties that jointly filed the claim. FINRA will evenly distribute the funds to pay each party's fees. If any funds remain for any of the parties, FINRA will use those funds to pay the balance of fees owed by any other parties that filed the claim.

**Expungement Requests**

FINRA rules provide for strict standards and procedures for expungement of customer dispute information from the CRD system. This rule protects the ability of investors to obtain accurate and meaningful data about firms and brokers by permitting expungement only under appropriate circumstances. Under Rule 2080, an arbitrator may grant expungement only when the claim, allegation, or information in the customer dispute is factually impossible or clearly erroneous; the broker was not involved in the alleged misconduct; or the claim, allegation, or information is false. In addition, Rule 12805 of the *Customer Code* and Rule 13805 of the *Industry Code* require arbitrators considering an expungement request to hold a recorded hearing session by telephone or in person, provide a brief written explanation of the reasons for ordering expungement, and, in cases involving settlement, review the settlement documents to examine the amount paid to any party and any other terms and conditions of the settlement.

**Explained Decisions**

The arbitrators will provide an explained decision at the parties' joint request. An explained decision is a fact-based award stating the general reasons for the arbitrators' decision. FINRA rules require parties to submit any joint request for an explained decision at least 20 days before the first scheduled hearing date.

If you have any questions, please do not hesitate to contact me at 561-362-7932 or by email at Lisa.Lasher@finra.org.

LYL:sg1:LC39E
idr: 04/04/2014

CC:

Hemant Sharma, Esq., Securities Investor Protection Corporati, 805 15th St., N.W.,
Suite 800, Washington, DC 20005
    On Behalf Of: Securities Investor Protection Corporati

RECIPIENTS:
    Joan Anne Perry, 1171 Yosemite Ave., San Jose, CA 95126
        On Behalf Of: Joan Anne Perry

# EXHIBIT C

**FINRA ARBITRATION Submission Agreement**

---

In the Matter of the Arbitration Between

Name(s) of Claimant(s)

Securities Investor Protection Corporati

14-01691

Name(s) of Respondent(s)

Joan Anne Perry
Take Charge Financial

---

1. The undersigned parties ("parties") hereby submit the present matter in controversy, as set forth in the attached statement of claim, answers, and all related cross claims, counterclaims and/or third-party claims which may be asserted, to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure.

2. The parties hereby state that they or their representative(s) have read the procedures and rules of FINRA relating to arbitration, and the parties agree to be bound by these procedures and rules.

3. The parties agree that in the event a hearing is necessary, such hearing shall be held at a time and place as may be designated by the Director of Arbitration or the arbitrator(s). The parties further agree and understand that the arbitration will be conducted in accordance with the FINRA Code of Arbitration Procedure.

4. The parties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement. The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

I can not arbitrate this Claim.

Joan Perry
and Take
Charge Financial!
7/15/14

5. The parties hereto have signed and acknowledged the foregoing Submission Agreement.

Take Charge Financial! Joan Perry

Joan Anne Perry
Date 7/15/14

State Capacity if other than individual (e.g., executor, trustee, corporate officer)

LC43A: SUBMISSION AGREEMENT
idr: 05/19/2014

I cannot arbitrate.
Joan Perry
7/15/14

RECIPIENTS:
Joan Anne Perry
1171 Yosemite Ave., San Jose, CA 95126

RECEIVED
JUL 23 2014
OFFICE OF THE GENERAL COUNSEL
S. I. P. C.

# EXHIBIT D

**Joan Perry**
**1171 Yosemite Ave.**
**San Jose, CA  95126**

July 18, 2014


Mr. Hemant Sharman, Esq.
SIPC
805 15th St. NW, Suite 800
Washington, DC  20005

Ms. Lisa Lasher
FINRA
Dispute Resolution, SE Regional Office
Boca Center Tower 1
5200 Town Center Circle, Suite 200
Baca Raton, FL  33486

**Subject:  FIRE Dispute Resolution Arbitration Number 14-01691**
**SPIC vs. Take Charge Financial**


To Whom It May Concern at SIPC and FINRA:


I am responding to the FINRA letter dated June 5, 2014.

I am submitting the Submission Agreement, and saying that I cannot arbitrate.

On so many levels, for the following reasons, I am unable to respond to your request:

1.  TCF! is out of business and therefore has no income, and I have no income.  Under these circumstances I cannot meet your demand for arbitration – either to pay for arbitration procedures, or to offer any option.

2.  I do not have, nor can I afford an attorney who can help me to understand all of the legal and diligence of the papers that you have sent to me.  I don't even know how to properly respond to this submission.

3.  I cannot come to Washington for an arbitration hearing.  I don't have the ability to do this.

Page Two.
SPIC and FINRA

4.  While I disagree with your reconciliation with TCF! customers, I know that it does no good.  I do not have the manpower or ability at this point.  FINRA has numerous people and resources, SPIC has numerous people and resources and I am one person, without these resources.  I cannot be active or heard under these conditions.

5.  Your regulations are designed for big firms (you never name an individual of a big firm in these types of proceedings).  Big firms have the legal staff and resources to be your match.  I don't.  I am rendered inept (these are the huge risks for a small firm in this industry).

6.  In settlement with FINRA, I gave back my licenses which resulted in my business shutting down.

7.  I don't honestly know where to go with this because this is a set of circumstances that is way way beyond my own abilities.  I am not able to represent myself, or include the cost of an arbitration hearing.

8.  Legal guidance for securities regulation has a barrier at $1000 per hour for legal time.  Therefore, I cannot defend myself.

9.  My firm was a member of SPIC for 25 years, paying the fees, and for investor protection.

Take Charge Financial! has no assets or cash.  The firm is out of business in all capacities.  Nothing can be offered from TCF!  I cannot work in the industry where I made a long career, so I currently have no prospects of income through other employment.  Therefore, neither business nor personal is capable of providing income available to defense of this matter.

I am unable to arbitrate.

Sincerely,

Joan Perry for Take Charge Financial! and Joan Perry



# EXHIBIT E

# AWARD
# FINRA DISPUTE RESOLUTION

CASE: 14-01691

Claimant Securities Investor Protection Corp. vs. Respondents Joan Anne Perry and Take Charge Financial

## REPRESENTATION OF PARTIES:

For Claimant: Hemant Sharma, Associate General Counsel, Securities Investor Protection Corporation.

Respondents did not appear.

## NATURE OF DISPUTE:

Customer vs. Associated Person and Member.

## CASE INFORMATION:

Date Filed: May 29, 2014.

## CASE SUMMARY:

Claimant asserted the cause of action of conversion (NASD Rule 2330 and FINRA Rules 2150 and 2010). The cause of action relates to Respondents' alleged unauthorized transfer of funds from customers' accounts to accounts controlled by Respondents.

## RELIEF REQUESTED:

In the Statement of Claim, Claimant requested compensatory damages in the amount of $100,000.00.

## AWARD:

The Arbitrator has decided and determined in full and final resolution of the issues submitted for determination as follows:

1. Judgment is entered in Claimant's favor. Respondents are jointly and severally liable and shall pay to Claimant compensatory damages in the amount of $100,000.00.

## FEES:

Respondent Take Charge Financial is assessed a $1,700.00 Member Surcharge and a $750.00 Prehearing Process Fee, which were previously invoiced.

FINRA Dispute Resolution shall retain the $225.00 non-refundable portion of the filing fee that Claimant deposited previously.

The Arbitrator has assessed $150.00 of the $300.00 paper decision fee to Claimant.

The Arbitrator has assessed $150.00 of the $300.00 paper decision fee jointly and severally to Respondents.

---

OTHER ISSUES:

On or about July 15, 2014, Respondents filed a modified Submission Agreement and document stating they could not arbitrate this matter.

On or about August 20, 2014, Claimant requested that this matter proceed pursuant to Rule 12801(b) of the Code of Arbitration Procedure (the "Code"), asserting that Respondents failed to timely file a Statement of Answer.

On or about August 27, 2014, FINRA advised Respondents that modified Submission Agreements are unacceptable in the FINRA forum and requested that Respondents file unmodified Submission Agreements. FINRA also sought clarification regarding whether Respondents' document was intended to be their Statement of Answer and set a deadline of October 17, 2014, for Respondents to clarify. Respondents did not file unmodified Submission Agreements, did not respond to FINRA's correspondence and did not participate in this proceeding.

On or about November 20, 2014, FINRA provided to the Arbitrator a copy of the pleadings and all other materials filed by the parties in this matter, which the Arbitrator acknowledges she has read. The Arbitrator determined that Respondents' submissions do not qualify as an Answer to the Statement of Claim and proceeded in accordance with Rule 12801(b) of the Code.

The Arbitrator determined that Respondents were served with the Statement of Claim, an Overdue Notice and Notification of Arbitrator and are therefore bound by the Arbitrator's ruling and determination.

**ARBITRATOR**

Jane Smith - Sole Public Arbitrator

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument which is my award.

**Arbitrator's Signature**

Jane Smith
Jane Smith
Sole Public Arbitrator

1/9/2015
Signature Date

1/9/15
Date of Service (For FINRA-DR office use only)